Woodrow W. GAINEY, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 7285.

United States Court of Appeals Tenth Circuit.

June 14, 1963.

Rehearing Denied July 15, 1963.

Jorge E. Castillo, Denver, Colo., for appellant.

Melvin M. Gradert, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and DOYLE, District Judge.

LEWIS, Circuit Judge.

Appellant, having waived indictment, was charged in a two-count information with having committed the criminal violations of kidnapping (18 U.S.C.A. 1201) and interstate transportation of a stolen vehicle (18 U.S.C.A. 2312). After entry of plea of guilty to each of the two counts, appellant was sentenced on June 28, 1958, to imprisonment for ten years under Count 1 and for five years under Count 2, the sentences to run concurrently.

On October 17, 1962, appellant lodged with the District Court for the District of Kansas a petition, properly considered by the court as a motion filed under 28 U.S.C.A. 2255, in which he sought to have the sentence for kidnapping imposed under Count 1 vacated and set aside. This relief was granted by the court for the files and records conclusively showed that the kidnapping charge contained in Count 1 of the information was potentially a capital offense and hence one that must be charged by indictment. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041.[1] Similar relief as to Count 2, sought by oral motion, was denied by the court and this appeal asserts error in this aspect of the court's judgment.

[1.] Decided June 8, 1959, nearly a year after the information was filed in the case at bar. Prior to this decision the government had erroneously assumed that the very act of proceeding by information negatives any proof of a capital offense and that the compulsion of the Fifth Amendment and Rule 7(a) of the Federal Rules of Criminal Procedure was met.

Appellant now claims three bases of error in the court's order refusing to set aside the sentence imposed under Count 2. These are:

(1) That the admitted invalidity of Count 1 of the information invalidates the information *in toto*.

(2) That appellant has been denied due process because he was erroneously advised by appointed counsel that he could waive indictment as to Count 1 and hence had inadequate representation by counsel.

(3) That a factual issue exists and is undetermined as to whether appellant would have waived indictment under Count 2 if he had known he could not do so under Count 1.

■■ Appellant's first contention has no merit. It has long been established that each count in an indictment, though contained in a single instrument, is to be regarded as a separate indictment and that the inclusion of a faulty count does not affect the validity of remaining counts. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356; McClintock v. United States, 10 Cir., 60 F.2d 839; United States v. Gordon, 7 Cir., 253 F.2d 177. The reasoning of these cases is equally applicable to prosecutions proceeding by information, subject always to the limitation of Rule 8(a), Federal Rules of Criminal Procedure, a limitation not applicable in the case at bar.

■■ Although erroneous advice of appointed counsel may very well premise a denial of due process through lack of adequate representation, we think it apparent that such is not the case here. The mistaken advice given appellant that he could waive indictment upon Count 1 was not determined with finality to be actually in error until the Supreme Court's decision in Smith. Upon such determination appellant received relief from the error to an extent that not only removed any possibility of prejudice but actually resulted in a great and subjectively undeserved benefit. The single and understandable mistake in the ad-

vice given appellant by his counsel did not constitute inadequate representation nor deny him due process in any way. Appellant's second contention is thus without merit.

■ We agree with appellant's third contention only to the extent it states that the issue of whether he would have waived indictment to Count 2 had he known that he could not do so on Count 1 remains undetermined. We have no doubt that, if a hearing were held, appellant would testify that he would not have waived under Count 2. But we consider the issue immaterial. Appellant's waiver of indictment was voluntary and his plea of guilty was voluntary. He does not contend otherwise. No benefit could have accrued to appellant had he awaited indictment under Count 2 and no detriment was incurred by his pleading to the charge as contained in the information.

The Court is appreciative of appellate counsel's able presentation of this case both in brief and argument.

The judgment is affirmed.