No. 48,145

MAURICE MELTON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(552 P. 2d 969)

Opinion filed July 23, 1976.

*Ray A. Neale,* of Coffeyville, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *David L. Thompson,* county attorney, and *Richard A. Medley,* assistant county attorney, were on the brief for the appellee.

*Per Curiam:* This action was filed pursuant to the provisions of K. S. A. 60-1507. It challenges the validity of plaintiff's 1969 conviction of first-degree manslaughter. His appeal from that conviction, which resulted in an affirmance, is reported in *State v. Melton,* 207 Kan. 700, 486 P. 2d 1361. The district court in the present action denied Mr. Melton's motion for relief without holding an evidentiary hearing and this appeal followed.

It is not necessary to relate the unsavory details of the homicide itself, for they may be gleaned from our former opinion. Suffice it to say, Melton was charged with murder in the first degree in the slaying of a female friend. Three trials ensued: the first was terminated when one of the jurors died; the second ended in a hung jury; and on the third try, plaintiff was found guilty of manslaughter in the first degree.

Melton's 1507 motion for relief recites but two grounds: first, that jurors had personal knowledge of evidence used to support guilt and second, newly discovered evidence.

In his record and brief, Mr. Melton unceremoniously expands his grounds of complaint to six. None require more than brief comment. The first two grounds relate to newly discovered evidence which, he asserts, points to perjured testimony. The same purported "newly discovered evidence" was set out in Melton's motion for new trial in the criminal case which was overruled. Melton did not see fit to include the ground of newly discovered evidence among his points of error in his direct appeal.

Points 3 and 4 relate, respectively, to remarks by the prosecutor during the trial, and to his contention that one of the jurors was related to the farmer on whose land the victim's body was found.

Both points were covered in Melton's motion for new trial, and neither was raised on direct appeal.

Supreme Court Rule 121 (*c*) (214 Kan. xxxix) provides that a proceeding under K. S. A. 60-1507 cannot ordinarily be used as a substitute for direct appeal involving trial errors or as a substitute for a second appeal, but that trial errors affecting rights may be raised even though they could have been raised on direct appeal provided there were exceptional circumstances excusing the failure to appeal. (See *Lee v. State*, 204 Kan. 361, 461 P. 2d 743; *Yurk v. State*, 208 Kan. 946, 495 P. 2d 87; *Roy v. State*, 213 Kan. 30, 514 P. 2d 832.)

We discern no unusual circumstances which would have excused plaintiff's failure to raise points one to four on the direct appeal nor, indeed, does the plaintiff himself suggest any such circumstances. These four issues which he now seeks to have this court determine, were well known to him when he filed his direct appeal and there is naught in the record to indicate why they were not then presented.

Points five and six simply were not raised in Mr. Melton's 1507 motion and thus were not before the trial court in this lawsuit. Point five relates to the introduction into evidence of clothing which Melton claimed had been tampered with, while in point six Melton claims the county attorney furnished state witnesses with a transcript of the prior trials. Neither of these points has the slightest connection with the grounds set forth in the 1507 motion on which Melton predicates this action. The rule of this court has long been that matters not presented to the trial court will not be considered on appeal. (See cases in 1 Hatcher's Kansas Digest (Rev. Ed.), Appeal & Error, § 304, p. 152.)

We note that the entire text of *State v. Melton*, supra, has been included in the printed record on appeal. The inclusion of that opinion was wholly unnecessary since it was otherwise readily available. Counsel should always avoid burdening the record with superfluous material.

No error is found and the judgment of the court below is affirmed.