(789 P.2d 1201)

No. 64,044

RICHARD LEWIS MCLAIN, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed April 13, 1990.

*Valerie G. Krueger*, of Davis, Beall, McGuire & Thompson, Chartered, of Leavenworth, for the appellant.

*Frank E. Kohl*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before GERNON, P.J., BRISCOE AND ELLIOTT, JJ.

BRISCOE, J.: Petitioner Richard Lewis McLain appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.

McLain was convicted by jury of kidnapping (K.S.A. 21-3420) and aggravated robbery (K.S.A. 21-3427). He was sentenced to

concurrent terms of 15 years to life on each count. McLain filed a direct appeal from his conviction and sentence, alleging there was insufficient evidence to support the convictions. The Supreme Court concluded there was sufficient evidence to support the convictions and affirmed (No. 53,631, unpublished opinion filed May 8, 1982). McLain then filed a petition for a writ of habeas corpus pursuant to K.S.A. 60-1507 wherein he asserted his convictions were unlawful because the complaint was fatally defective. Specifically, he alleged the complaint was defective as regards the aggravated robbery charge because the complaint failed to allege the robbery was "by threat of bodily harm or by force." He also alleged the complaint was defective as regards the kidnapping charge because it was dependent upon his conviction of aggravated robbery which should be vacated. The district court found the complaint fatally defective as to the aggravated robbery charge and vacated that conviction. The court denied McLain's petition regarding the kidnapping conviction.

McLain contends the district court should have vacated both convictions. He contends the district court lacked jurisdiction to convict him of kidnapping because the information was insufficient to charge that offense. K.S.A. 21-3420 defines kidnapping as "the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person: . . . (b) To facilitate flight or the commission of any crime." The information charging McLain read:

"Richard L. McLain then and there being did unlawfully, feloniously and willfully take another, to-wit: Kenneth Jones, by force or threat, with the intent to hold the same Kenneth Jones to facilitate the commission of a crime, to-wit: aggravated robbery, all in violation of K.S.A. 21-3420."

In support of his contention that the kidnapping charge was dependent upon the aggravated robbery charge, McLain cites *State v. Carr*, 230 Kan. 322, 634 P.2d 1104 (1981). In *Carr*, the defendant was found guilty of aggravated burglary and attempted rape. K.S.A. 21-3716 defines aggravated burglary as "knowingly and without authority entering into or remaining within any building . . . in which there is some human being, with intent to commit a felony or theft therein." On appeal, Carr argued that the State had failed to establish he had the specific intent to commit either aggravated burglary or attempted rape. The court

held there was insufficient evidence to prove that Carr had the specific intent to commit the crime of attempted rape. The court also held that, since attempted rape was the felony on which the charge of aggravated burglary was "predicated," Carr's conviction for aggravated burglary was also reversed. By this reference, the court was again addressing the specific intent element and was concluding there was also insufficient evidence of specific intent to support Carr's aggravated burglary conviction. McLain argues *Carr* requires dismissal of all "dependent" charges when the complaint charging the dominant felony is defective. Or, more specifically, he argues the vacation of the aggravated robbery conviction also requires the vacation of the kidnapping conviction because he cannot be convicted of facilitating a crime (aggravated robbery) that was defectively charged in the complaint. This argument is incorrect.

The information is the jurisdictional instrument on which the accused stands trial, and that information must allege each essential element of the offense charged. A conviction predicated on an information which does not sufficiently charge the offense is void. An information is sufficient if it contains the elements of the offense charged, apprises the accused of what he must be prepared to meet, and is specific enough to make a plea of double jeopardy possible. If the facts alleged in the information do not constitute an offense within the context of the statute allegedly violated, the information is fatally defective. Further, the evidence introduced at trial and the jury instructions given have no bearing on this issue. *State v. Jones*, 242 Kan. 385, 393, 748 P.2d 839 (1988).

Initially, it should be noted that each count in an information is regarded as a separate information and the inclusion of a faulty count does not affect the validity of the remaining counts. *Gainey v. United States*, 318 F.2d 795, 797 (10th Cir. 1963). Therefore, the defective complaint as to aggravated robbery does not affect the validity of the complaint charging McLain with kidnapping. The validity of the complaint charging kidnapping must be determined independently of the other charge.

The complaint charging McLain with kidnapping alleges he unlawfully, feloniously, and willfully took Kenneth Jones by force or threat in order to facilitate the commission of the crime of

aggravated robbery, which is essentially the language of 21-3420. Kansas courts have consistently held an information charging an offense in the statutory language or its equivalent is sufficient. *State v. Micheaux*, 242 Kan. 192, 197, 747 P.2d 784 (1987). It is apparent from the statutory language that the crime of kidnapping is completed when the defendant forcefully takes another for the purpose of facilitating flight or the commission of any crime. The statute does not require a conviction or even the filing of a complaint on the underlying crime in order to properly charge the defendant with kidnapping. Further, there can be no question that McLain had the requisite intent to support a kidnapping conviction as the Supreme Court in the direct appeal of these convictions found there was sufficient evidence to uphold the kidnapping conviction. The complaint contains the elements of kidnapping and is sufficient to apprise McLain of the charge against him.

Affirmed.