(856 P.2d 934)
No. 67,757

FLOYD CARMICHAEL, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed June 25, 1993.

*Julie Gorenc,* assistant appellate defender, *James F. Vano,* special appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Julie Wright Connolly,* assistant district attorney, *Debra S. Byrd,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., BRAZIL, J., and JAMES J. NOONE, District Judge Retired, assigned.

BRISCOE, C.J.: Floyd Carmichael appeals the denial of his K.S.A. 60-1507 motion.

On September 27, 1985, a jury found Carmichael guilty of two counts of rape (K.S.A. 21-3502) and one count of aggravated kidnapping (K.S.A. 21-3421). The crimes charged occurred on July 15, 1985. The facts leading to Carmichael's arrest and conviction are summarized in *State v. Carmichael*, 240 Kan. 149, 150-51, 727 P.2d 918 (1986). The victim of these crimes was Carmichael's 15-year-old daughter. Carmichael was sentenced to consecutive terms of life imprisonment for aggravated kidnapping and 30 years to life for each count of rape. The sentences reflected invocation of the Habitual Criminal Act (K.S.A. 1985 Supp. 21-4504) and mandatory minimum sentencing because a firearm was used (K.S.A. 21-4618 [Ensley 1981]).

Carmichael raised numerous issues in his direct appeal. The Supreme Court affirmed Carmichael's convictions but vacated his sentences and remanded the case for resentencing because the trial court lacked competent evidence to invoke the Habitual Criminal Act. Upon remand, the proper documentation was presented by the State to support invocation of the Act and Carmichael was given the same sentences when resentenced. In a second appeal, Carmichael challenged the trial court's denial of his motion to modify his life sentences. In his motion to modify, Carmichael requested imposition of sentences of specific terms of years in lieu of his life sentences. The Supreme Court affirmed the trial court and opined its conclusion would be the same even if the motion were considered as a motion filed pursuant to 60-1507. *State v. Carmichael*, 247 Kan. 619, 801 P.2d 1315 (1990).

On July 22, 1991, Carmichael filed the present 60-1507 motion, alleging ineffective assistance of trial counsel. He argued his counsel was ineffective because of failure to timely move for admission of evidence relating to the complaining witness' prior sexual conduct. Specifically, Carmichael argued counsel was ineffective by failing to timely file a motion pursuant to a provision of the rape shield law (K.S.A. 21-3525) to seek permission to introduce evidence that the victim had gonorrhea. The trial court denied the

60-1507 motion. The court noted trial counsel could not be ineffective for failing to timely file the motion in light of the ruling in Carmichael's direct appeal that the trial court did not err in denying Carmichael's motion to allow introduction of evidence that the victim had gonorrhea. As regards this issue, the Supreme Court held:

"Since it could not be established that the defendant had or had not contracted gonorrhea, the evidence that the victim had gonorrhea was no longer relevant. The evidence would only show that the victim probably had intercourse with someone prior to the rape. This would indicate prior sexual conduct which the rape shield statute prohibits being admitted into evidence. Our legislature and a number of other state legislatures, as well as Congress, have enacted rape shield laws designed to restrict or prohibit the use of evidence regarding the chastity of the rape victim. The district court did not err in refusing to allow the defendant to introduce evidence that would infer that the victim had previously engaged in sexual intercourse." *Carmichael*, 240 Kan. at 154-55.

In the present appeal, Carmichael contends the trial court erred in finding he was not denied effective assistance of counsel and in denying an evidentiary hearing on his 60-1507 motion and refusing to appoint counsel. On appeal, Carmichael makes additional arguments concerning ineffective assistance of trial counsel and adds a third issue. He cites *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), and contends for the first time that, with regard to his rape convictions, he was charged with and convicted of the wrong crime. Since the victim was his daughter, Carmichael argues he should have been charged with aggravated incest, a class D felony, rather than rape, a class B felony. He further argues the validity of the aggravated kidnapping conviction depends upon the validity of the rape convictions. As charged, Carmichael was alleged to have committed the aggravated kidnapping to facilitate the commission of rape. Carmichael seeks reversal of all of his convictions.

In *Williams*, the defendant was charged with one count of indecent liberties with a child. K.S.A. 1992 Supp. 21-3503. The charge arose after defendant's 14-year-old step-granddaughter alleged the defendant had sexually molested her. Defendant moved to dismiss the complaint, alleging aggravated incest as defined by K.S.A. 21-3603 was a more specific crime than indecent liberties with a child. He argued aggravated incest should have been

charged because the victim was his minor step-granddaughter. The trial court granted his motion, finding the legislature intended the aggravated incest statute to be a statute of specific application in that it relates to particular persons or things of a class and that Williams should have been charged with aggravated incest. The State appealed to the Supreme Court.

The Supreme Court noted the alleged conduct was proscribed by both the indecent liberties with a child statute and the aggravated incest statute. The court then stated:

"For the general statute versus specific statute rationale to be applicable to the two crimes, the indecent liberties statute must be viewed as a statute generally prohibiting certain sexual behavior and the aggravated incest statute as applying to the identical prohibited conduct by a person related to the victim. 'When there is a conflict between a statute dealing generally with a subject and another statute dealing specifically with a certain phase of it, the specific statute controls unless it appears that the legislature intended to make the general act controlling.' *State v. Wilcox*, 245 Kan. 76, Syl. ¶ 1, 775 P.2d 177 (1989). See *State v. Makin*, 223 Kan. 743, 748, 576 P.2d 666 (1978).

"A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is specific. *Seltmann v. Board of County Commissioners*, 212 Kan. 805, Syl. ¶ 2[, 512 P.2d 334 (1973)]. Under this broad definition one of the statutes relates [to] a general law and the other a specific law." *Williams*, 250 Kan. at 736.

The court stated that, while the elements of the two crimes were similar, "the distinguishing factor is that aggravated incest requires the act to be committed by a biological, step, or adoptive relative of the child," and this relationship is not a required element in the indecent liberties with a child statute. 250 Kan. at 736. The court then held "where a defendant is related to the victim as set forth in K.S.A. 21-3603(1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child." 250 Kan. at 737. The court affirmed the trial court's dismissal of the indecent liberties complaint.

I. Does *State v. Hall* bar assertion of a *Williams* claim for the first time on appeal?

The State relies on *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), to argue the *Williams* issue is not properly before this court. The State views Carmichael's assertion of *Williams* as rais-

ing an issue concerning a defect in the institution of the prosecution or in the information, which was waived or entitled to a presumption of regularity under *Hall* because it was not raised by motion prior to or immediately following Carmichael's criminal trial. Carmichael argues *Hall* does not apply to the issue he raises under *Williams*. He asserts that he raises a jurisdictional issue which may be raised at any time.

"Defects in the institution of the prosecution or in the information, *other than jurisdiction* or the charging of a crime, are waived if not raised by motion prior to trial.

. . . .

"The proper procedure for a defendant who contends either that the information does not charge a crime or that the court was without jurisdiction of the crime charged is to utilize the statutory remedy extended by the legislature for these two specific situations—a K.S.A. 22-3502 motion for arrest of judgment. . . . It is preferable to raise either or both of these claims in the trial court rather than waiting to raise the issues for the first time on appeal. . . .

. . . .

". . . The longer it takes for the defendant to challenge the sufficiency of the information, the greater the presumption of regularity." *Hall*, 246 Kan. at 756, 760-61.

In *Hall*, the Supreme Court announced new rules to be applied prospectively in the appellate review of defective information issues raised for the first time on appeal. The court stated its ruling applied to informations filed after the filing date of the *Hall* decision, May 31, 1990. 246 Kan. 728, Syl. ¶ 13. In *State v. Waterberry*, 248 Kan. 169, 172, 804 P.2d 1000 (1991), the court expanded *Hall*'s applicability to cases pending in the courts of this state as of May 31, 1990. We note the information here was filed on July 17, 1985, and Carmichael's convictions were affirmed in his direct appeal on October 31, 1986. Therefore, under both *Hall* and *Waterberry*, the *Hall* rules do not apply to the present appeal. The information here was filed before May 31, 1990, and the case did not continue to pend on that date.

Further, Carmichael is not raising a defective information claim. Unlike the claims made in *Hall*, Carmichael does not contend the information is defective because it omits one or more of the essential elements of the crimes charged or that it does not charge a crime. The language contained in the information

was sufficient to charge the crimes of rape and aggravated kidnapping. As charged, the information did not omit any essential element of any crime charged.

II. Do general rules of appellate practice or rules applicable to 60-1507 motions bar assertion of a *Williams* claim for the first time on appeal?

As a general rule, an issue not raised before the trial court may not be raised for the first time on appeal. *Johnson v. Kansas Neurological Institute*, 240 Kan. 123, 126, 727 P.2d 912 (1986). See *Melton v. State*, 220 Kan. 516, 517, 552 P.2d 969 (1976) (issues not connected to the grounds raised in a 60-1507 motion and not before the trial court not considered on appeal). However, there are three exceptions to this general rule and appellate courts may consider an issue not raised before the trial court when:

"(1) . . . the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case;

(2) . . . consideration of a question raised for the first time on appeal is necessary to serve the ends of justice or to prevent denial of fundamental rights; and

(3) . . . a judgment of a trial court may be upheld on appeal even though the court may have relied on the wrong ground or assigned a wrong reason for its decision. [Citation omitted.]" *Johnson*, 240 Kan. at 126.

See *In re Conservatorship of Marcotte*, 243 Kan. 190, 196, 756 P.2d 1091 (1988).

In the present case, Carmichael may not raise this issue before this court unless at least one of the three exceptions applies. The first and second exceptions arguably apply here. Whether *Williams* announces a jurisdictional rule and also applies to the present case are questions of law which may be decided on the record before this court. If we conclude *Williams* announces a jurisdictional rule which controls this case, consideration of this issue is necessary to serve the ends of justice.

The State also contends Carmichael cannot raise the *Williams* issue for the first time in either a 60-1507 motion or in the appeal from the denial of his 60-1507 motion. The State argues the rule of law stated in *Williams* is not new law in Kansas, citing *State v. Wilcox*, 245 Kan. 76, Syl. ¶ 1, 775 P.2d 177 (1989), and *State v. Makin*, 223 Kan. 743, 748, 576 P.2d 666 (1978). In both *Wilcox* and *Makin*, the court relied upon the rule of statutory interpre-

tation that a specific statute controls over a general statute. In *Wilcox*, the court held persons accused of welfare fraud must be charged under K.S.A. 39-720 and not under K.S.A. 21-3711. In *Makin*, the court held the specific statute defining vehicular homicide (K.S.A. 21-3405) was concurrent with and controlled the general statute defining involuntary manslaughter (K.S.A. 21-3404), except where the acts of the accused constituted wanton conduct (gross negligence). Therefore, the State argues that, since *Williams* does not state new law, Carmichael must show exceptional circumstances that would excuse his failure to raise the *Williams* issue in his two prior direct appeals.

Pursuant to 60-1507 and Supreme Court Rule 183 (1992 Kan. Ct. R. Annot. 143), Carmichael must show exceptional circumstances excusing his failure to raise the *Williams* issue in his direct appeals only if the *Williams* issue concerns a trial error affecting his constitutional rights and not a jurisdictional question.

K.S.A. 60-1507 provides in pertinent part:

"(a) *Motion attacking sentence. A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground* that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or *that the court was without jurisdiction to impose such sentence,* or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence.*

"(b) *Hearing and judgment.* Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. The court may entertain and determine such motion without requiring the production of the prisoner at the hearing. *If the court finds that the judgment was rendered without jurisdiction,* or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, *the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence said prisoner or grant a new trial or correct the sentence as may appear appropriate.*

"(c) *Successive motions.* The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." (Emphasis added.)

Rule 183 provides in pertinent part:

"(a) NATURE OF REMEDY. K.S.A. 60-1507 is intended to provide in a sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in district courts in whose jurisdiction the prisoner was confined. . . .

. . . .

"(c) . . . (3) a proceeding under K.S.A. 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. *Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal.*

"(d) SUCCESSIVE MOTIONS. *The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where* (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) *the ends of justice would not be served by reaching the merits of the subsequent application.*" (Emphasis added.)

Rule 183(a) acknowledges 60-1507 is intended to provide petitioners with a remedy that is "exactly commensurate" with the remedy available under habeas corpus. As a general rule, trial errors are to be corrected by direct appeal and not by a motion filed pursuant to 60-1507. *Dunlap v. State*, 221 Kan. 268, 269, 559 P.2d 788 (1977). The remedy of habeas corpus is available to the defendant in a criminal action where the information, the indictment, or the proceedings are otherwise void so that the court acquired no jurisdiction of the person or the cause. *State v. Minor*, 197 Kan. 296, 300, 416 P.2d 724 (1966). Further, a sentence imposed by a court without jurisdiction is an illegal sentence. *State v. Frazier*, 248 Kan. 963, 973, 811 P.2d 1240 (1991). Where a prisoner asserts the court was without jurisdiction to impose the sentence, the prisoner may move the court that imposed the sentence to vacate the sentence *at any time*. K.S.A. 60-1507(a).

The exceptional circumstances requirement of Rule 183(c)(3) applies only to trial errors affecting constitutional rights and not to jurisdictional questions. Under 60-1507, a prisoner in custody under sentence of a court of general jurisdiction may seek release from custody at any time where the court was without jurisdiction to impose the sentence. Rule 183 adds no additional hurdle requiring a showing of exceptional circumstances excusing failure

to raise the issue in a direct appeal when the issue is whether the court had *jurisdiction* to impose the sentence.

III. Does *Williams* announce a jurisdictional rule and, if so, was the trial court without jurisdiction to charge Carmichael with rape?

In reviewing the relevant statutes in effect when the crimes were committed, rape was proscribed by K.S.A. 21-3502:

"(1) Rape is sexual intercourse with a person who does not consent to the sexual intercourse, under any of the following circumstances:

(a) When the victim is overcome by force or fear;

(b) when the victim is unconscious or physically powerless;

(c) when the victim is incapable of giving consent because of mental deficiency or disease, which condition was known by the offender or was reasonably apparent to the offender; or

(d) when the victim is incapable of giving consent because of the effect of any alcoholic liquor, narcotic, drug or other substance administered to the victim by the offender, or by another person with the offender's knowledge, unless the victim voluntarily consumes or allows the administration of the substance with knowledge of its nature.

"(2) Rape is a class B felony."

To establish rape, the State must prove the defendant engaged in sexual intercourse without the victim's consent under one of the stated circumstances such as force. The State is not required to prove either that the victim was below a certain age or that the victim was somehow related to the defendant.

Aggravated incest was proscribed by K.S.A. 21-3603:

"(1) Aggravated incest is marriage to or engaging in any prohibited act enumerated in subsection (2) with a person who is under 18 years of age and who is known to the offender to be related to the offender as any of the following biological, step or adoptive relatives: child, grandchild of any degree, brother, sister, half-brother, half-sister, uncle, aunt, nephew or niece.

"(2) The following are prohibited acts under subsection (1):

(a) Sexual intercourse, sodomy *or any unlawful sex act, as defined by K.S.A. 21-3501 and amendments thereto*; or

(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender or both.

"(3) Aggravated incest is a class D felony." (Emphasis added.)

An "unlawful sex act," as defined by K.S.A. 1992 Supp. 21-3501(4), "means any rape, indecent liberties with a child, aggra-

vated indecent liberties with a child, criminal sodomy, aggravated criminal sodomy, lewd and lascivious behavior, sexual battery or aggravated sexual battery, as defined in this code." To prove aggravated incest, the State must prove the defendant committed a prohibited act such as rape, that the victim was a person under 18 years of age, and that the defendant knew the victim was related to the defendant.

Because the rape statute contains no age or relationship element, it could be interpreted as a general statute in light of the more specific age and relationship elements of the aggravated incest statute. However, rape contains a consent element and a force or fear element not found in aggravated incest *if* rape is not the prohibited act charged. Therefore, it could be argued rape is not a general version of a more specific aggravated incest statute. However, this argument fails when rape is the prohibited act underlying the aggravated incest charge. When rape is the prohibited act underlying the aggravated incest charge, aggravated incest is clearly the more specific of the two statutes.

We note, however, the court in *Williams* did not embark upon a narrow element comparison of the crimes to conclude which crime was the more specific crime. Instead, the court looked at legislative intent to conclude the State had to charge Williams, who was related to the victim, with aggravated incest and not indecent liberties. The court in *Williams* stated:

"From a reading of these statutes, it is clear that the legislature intended to establish certain sex offenses applicable where family relationships are not involved. The legislature also intended that aggravated incest, a crime committed by a person related to the victim, constitutes a less serious offense than when a similar prohibited act is perpetrated by a defendant against a child with whom he or she has no family relationship." 250 Kan. at 736-37.

The court's focus in *Williams* was upon the rule of statutory interpretation that a specific statute controls over a general statute and, more specifically, by reference to *Seltmann*, whether the aggravated incest statute controlled because it related to persons of a specific class. In *Seltmann*, 212 Kan. at 810, general and special laws were defined as follows: " 'A statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special.' "

*Williams* states a jurisdictional rule which requires persons within a special class to be charged with aggravated incest. In a criminal action, the trial court must not only have jurisdiction over the offense charged, but it must also have jurisdiction of the question which its judgment assumes to decide. *State v. Chatmon*, 234 Kan. 197, 205, 671 P.2d 531 (1983). Here, the court's judgment of conviction found Carmichael guilty of raping his daughter. If one of the prohibited acts enumerated in the aggravated incest statute is committed by a person who is a biological, step, or adoptive relative of a child victim, that person must be charged with aggravated incest and not with a crime which is applicable to persons in general. Carmichael is within a special class of persons delineated in the aggravated incest statute who must be charged with aggravated incest if he raped a person under the age of 18 who he also knew was related to him.

In *State v. Chandler*, 17 Kan. App. 2d 512, 839 P.2d 551 (1992), we recently addressed whether *Williams* should be given retroactive effect. We concluded that application of *Williams* was not a retroactive application of case or statutory law, but rather application of the longstanding principle that specific or special statutes control over general statutes. This analysis of retroactivity would have been unnecessary had we recognized that the holding in *Williams* stated a jurisdictional rule and not a new constitutional rule of criminal procedure. See *Teague v. Lane*, 489 U.S. 288, 310, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989) (federal habeas corpus relief denied to convicted black person who claimed that Illinois prosecutor unconstitutionally used preemptory challenges to exclude members of accused's race from jury duty; retroactivity analysis addressed and applied to a new rule of criminal procedure voiced in *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712 [1986]; and petitioner not allowed retroactive benefit of ruling). As previously stated, where a prisoner asserts the court was without jurisdiction to impose the sentence, the prisoner may move the court that imposed the sentence to vacate the sentence *at any time*. K.S.A. 60-1507.

The trial court was without jurisdiction to convict Carmichael of the rape of his daughter when he was within the special relationship class of persons who must be charged with aggravated

incest. A conviction upon charges which do not apply to the person convicted is a clear denial of due process under the Fourteenth Amendment to the United States Constitution. As a result, the judgment against Carmichael for the offense of rape where the court was without jurisdiction to decide the issue is void.

IV. Was the trial court also without jurisdiction to charge Carmichael with aggravated kidnapping?

Carmichael was charged in Count One of the information with aggravated kidnapping:

"[O]n or about the 15th or 16th day of July A.D., 1985, one FLOYD CAR-MICHAEL did then and there unlawfully, willfully, take and confine another, to-wit [S.C.], to hold the said [S.C.] to facilitate the commission of a crime, to-wit: Rape or to inflict bodily harm on or to terrorize the said [S.C.], and did inflict bodily harm upon the person of the said [S.C.]."

. . . .

"Contrary to K.S.A. 21-3421 (Aggravated Kidnapping, Class A Felony, Count One)"

Carmichael contends his aggravated kidnapping conviction must also be vacated if we conclude the court was without jurisdiction to convict him of rape. Carmichael argues, with the inclusion of rape as one of the alternative theories to support the aggravated kidnapping charge, the possibility arises that some if not all of the jurors relied upon the "rape theory" to support their verdict. A general verdict of guilty must be set aside if the jury was instructed that it could rely on any one of two or more independent grounds, and one of those grounds is insufficient. *State v. Garcia*, 243 Kan. 662, 670, 763 P.2d 585 (1988) (citing *Stromberg v. California*, 283 U.S. 359, 75 L. Ed. 1117, 51 S. Ct. 532 [1931]).

K.S.A. 21-3420 defines kidnapping:

"Kidnapping is the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person:
    (a) For ransom, or as a shield or hostage; or
    (b) To facilitate flight or the commission of any crime; or
    (c) To inflict bodily injury or to terrorize the victim or another; or
    (d) To interfere with the performance of any governmental or political function."

K.S.A. 21-3421 defines aggravated kidnapping: "Aggravated kidnapping is kidnapping, as defined in section 21-3420, when bodily harm is inflicted upon the person kidnapped."

The aggravated kidnapping statute does not require a conviction or even the filing of a complaint on the underlying crime in order to properly charge and convict the defendant of aggravated kidnapping. *McLain v. State,* 14 Kan. App. 2d 329, 332, 789 P.2d 1201, *rev. denied* 246 Kan. 768 (1990). The court in the present case instructed the jury that "to facilitate the commission of the crime of rape" was an element of the aggravated kidnapping charge. An element of a crime is one of the constituent parts of a crime which must be proved by the prosecution to sustain a conviction. Black's Law Dictionary 520 (6th ed. 1990). The court is not required to have jurisdiction to charge a crime described in an element. The State need only prove the conduct described in the element.

Our vacation of Carmichael's rape convictions does not require vacation of his aggravated kidnapping conviction. Although the court was without jurisdiction to charge Carmichael with rape, it had jurisdiction to charge him with aggravated kidnapping, and that conviction was supported by sufficient evidence. See *Carmichael,* 240 Kan. 149. There was sufficient evidence to support the alternative theories contained in the aggravated kidnapping charge, insuring a unanimous verdict based upon valid grounds.

Carmichael's conviction of aggravated kidnapping is affirmed; his convictions of rape are reversed, and this case is remanded with directions to vacate the sentences for those convictions.