No. 68,363

STATE OF KANSAS, *Appellee,* v. LEWIS E. GIBBENS, *Appellant.*

(855 P.2d 937)

Opinion filed July 9, 1993.

*Reid T. Nelson,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Jennifer M. Wieland,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Lewis E. Gibbens appeals from his convictions, on nolo contendere pleas, of two counts of rape (K.S.A. 21-3502).

Defendant was charged with rape (K.S.A. 21-3502), aggravated criminal sodomy (K.S.A. 21-3506), and indecent liberties with a child (K.S.A. 1992 Supp. 21-3503) as to victim E.N. and like charges as to victim M.N. Accordingly, he stood charged with four class B and two class C felonies. The crimes were alleged to have occurred in June and July of 1991. Case No. 91-CR-5290 was subsequently filed, also in Harvey County, charging five counts of forgery (K.S.A. 21-3710). Further complicating defendant's defensive position was the fact that all 11 felonies were allegedly committed while defendant was assigned to a community corrections program, thereby triggering the consecutive sentencing provisions of K.S.A. 1992 Supp. 21-4608(3). Eight additional forgery charges were pending against defendant in Marion County.

In resolution of the pending Harvey County charges, the defendant entered into a plea bargain with the Harvey County Attorney. The defendant agreed to plead nolo contendere to the two rape charges herein and two of the forgery charges in case No. 91-CR-5290. The remaining seven felony charges would be dismissed.

The plea bargain was presented to the trial court on January 24, 1992. The trial court was advised that the defendant did not believe that he was guilty but desired to enter *Alford*-type pleas of guilty to the agreed upon counts. The trial court accepted the pleas following proper inquiry. No complaint is made as to the conduct of the plea or the sentencing proceedings.

The sentencing took place on March 3, 1992, and defendant appealed from the sentencing on the rape counts, contending the two consecutive 15 years to life terms were excessive and constituted an abuse of judicial discretion. That is the sole issue set forth in the docketing statement filed herein.

## SENTENCING

The defendant entered his pleas of nolo contendere to two counts of rape. He was sentenced to 15 years to life on each count, the sentences to run consecutively with each other, but concurrently with the sentences imposed on the forgery convictions in case No. 91-CR-5290.

The defendant's position, as stated in his brief, is as follows:

"The sentence imposed in the present case, although it exceeds the minimum, is within the statutory limits. Mr. Gibbons does not contend that it was the result of partiality or prejudice, rather, he argues that the trial court erred by failing to carefully consider the policy of K.S.A. 21-4601 and the factors enumerated in K.S.A. 21-4606 in fixing the punishment for Mr. Gibbens' crime."

A sentence which is within the statutory limits will not be disturbed on appeal, provided it is within the realm of discretion on the part of the trial court and not a result of partiality or prejudice. *State v. Hamilton*, 240 Kan. 539, 540, 731 P.2d 863 (1987) (citing *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 [1986]). There is no claim of partiality or prejudice herein.

We have held that it is the better practice when the sentence exceeds the minimum for the court, on the record, to make a detailed statement of the facts and factors considered by the court

in imposing sentence. However, a trial court's failure to make such a detailed statement does not necessarily demonstrate an abuse of discretion; each case must be considered on its facts. *State v. Bennett*, 240 Kan. 575, 578, 731 P.2d 284 (1987); *State v. Harrold*, 239 Kan. 645, 650, 722 P.2d 563 (1986); *State v. Richard*, 235 Kan. 355, 366, 681 P.2d 612 (1984).

The factors set forth in K.S.A. 21-4606(2) are as follows:

"(a) The defendant's history of prior criminal activity;

(b) The extent of the harm caused by the defendant's criminal conduct;

(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

(d) The degree of the defendant's provocation;

(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

As to the trial court's consideration and application of these factors, the defendant states:

"In the instant case, the court did carefully consider the above factors. It correctly found that there was great harm caused by the defendant's conduct, and the victims did not induce or facilitate its commission. However, the rest of the factors are either in Gibbens' favor or they are unknown."

The defendant thus concedes the trial court "did carefully consider" the sentencing factors. This statement is amply borne out by the record.

The presentence investigation report showed a substantial number of prior convictions, none of which were of the magnitude of the two B felonies herein. The report also showed neither probation nor assignment to a community corrections had been satisfactorily completed and that defendant had substance abuse problems. As to the factors in his favor, the defendant points to evidence that, while a child, he was "ostracized from other children"; was reared in an "abusive atmosphere"; and that he "cares" for the minor children.

The two victims were five- and eight-year-old sisters. Defendant characterizes himself as their stepfather, although there is no showing that there has been a judicial determination of the

existence of a common-law marriage to the children's mother. Regardless of the legal basis involved, defendant resided in the home with the two girls and their mother. While residing there, he engaged in a variety of sexual activities with them, including sexual intercourse and oral and anal sodomy. One of the victims contracted a venereal disease from the defendant.

The trial court carefully considered and applied the statutory sentencing factors and concluded that the maximum allowed sentence was appropriate. The trial court's expression of concern over the enormity of the crimes and the damage done to the minor victims is reasonable and certainly appropriate. The trial court further specifically noted that defendant at age 29 had an extensive criminal record and that probation and assignment to a community corrections program had been unproductive. We find no error or abuse of discretion in the imposition of the sentences herein.

## VALIDITY OF CONVICTIONS

In his brief the defendant asserts a second issue, raised for the first time on appeal. This second issue is, in essence, a collateral attack on the unappealed from acceptance of his nolo contendere pleas. Defendant argues that the trial court lacked jurisdiction herein as the defendant should have been charged with what he contends is the specific statute, aggravated incest (K.S.A. 21-3603) instead of rape, as the two victims were his five- and eight-year-old stepdaughters. In support thereof, he cites *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), which held that where the statutorily specified biological, step, or adoptive relationship exists between offender and child victim that aggravated incest is the specific statute to be applied as opposed to the more general indirect liberties with a child statute (K.S.A. 1992 Supp. 21-3503).

We express no opinion on this issue as we conclude the issue is not properly before us for the following reasons:

1. The notice of appeal filed herein specifies that appeal is taken only from the sentences imposed.

2. The aggravated incest argument was never raised before the trial court; no motion to withdraw the pleas or arrest judgment was made; and no appeal was taken from any matter relating to the convictions themselves.

3. No authority is cited for the proposition that the aggravated incest-rape argument is a jurisdictional matter. The information on its face contains all allegations necessary for the conviction of the defendant on both counts of rape.

The judgment is affirmed.