No. 68,850

KEVIN J. LaBONA, *Appellant* v. STATE OF KANSAS, *Appellee.*

(872 P.2d 271)

Opinion filed April 15, 1994.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the briefs for appellant.

*Timothy J. Chambers*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Kevin LaBona appealed from the denial of his K.S.A. 60-1507 motion. He sought to set aside his convictions on two counts of indecent liberties with a child pursuant to *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992). The Court of Appeals reversed pursuant to *Carmichael v. State*, 18 Kan. App. 2d 435, 856 P.2d 934 (1993), which held that *Williams* states a jurisdictional rule that may be asserted at any time. We granted the State's petition for review.

On April 3, 1986, Kevin LaBona pled guilty to two counts of indecent liberties with a child in violation of K.S.A. 21-3503. The victim was his daughter.

LaBona filed a K.S.A. 60-1507 motion, seeking to set aside his convictions pursuant to *Williams*. The district court denied the motion on the ground that *Williams* "does not state a retroactive application and is therefore not applicable."

The Court of Appeals reversed pursuant to *Carmichael* and stated: "The district court lacked jurisdiction to convict LaBona of indecent liberties. The convictions on two counts of indecent liberties are reversed, and this case is remanded with directions to vacate the sentence for these convictions."

The sole issue raised is whether the district court erred in denying LaBona's K.S.A. 60-1507 motion seeking to set aside his convictions of indecent liberties with a child pursuant to *State v. Williams*. The same issue is raised in *Carmichael v. State*, 255 Kan. 10, 872 P.2d 240 (1994). In *Carmichael*, we rejected the Court of Appeals' determination that *Williams* stated a jurisdictional rule. In so doing, we said:

"Since the court's granting of the petition for review in this case, we have decided *State v. Sims*, 254 Kan. 1, 862 P.2d 359 (1993). There, this court expressly rejected the idea that *Williams* announced a jurisdictional rule. Here, as in *Williams*, the petitioner is charged under the general statute rather than the controlling specific statute. The information/complaint is the jurisdictional instrument upon which a defendant stands trial, and it must allege the essential elements of the offense charged. *State v. Bishop*, 240 Kan. 647, 652, 732 P.2d 765 (1987). Since the complaint does allege each essential element of the crime charged, the district court had jurisdiction. . . .

. . . .

"In the present case, we are not dealing with 'trial errors affecting constitutional rights' but, rather, with the failure of the State to charge the petitioner with aggravated incest (the specific offense) rather than rape (the general offense). The rule that where one statute is more specific than another, and therefore controlling, is used to determine the intent of the legislature where two statutes are in conflict. By determining which statute is more specific, the court can determine which statute the legislature intended to apply. In *Williams*, we held that aggravated incest is the specific crime . . . .

. . . .

". . . Although the conduct prohibited in aggravated incest and rape can be identical, *i.e.*, sexual intercourse, the offenses are not. Aggravated incest requires the additional elements of a victim under 18 years of age, kinship, and that the offender be aware of the kinship. Rape requires force; aggravated incest does not. For that reason, we have held that aggravated incest is not included in nor merges with the offense of rape. Nor have we found the two offenses to be multiplicitous. Rather, we concluded that since aggravated incest is the specific offense and rape the general offense, the defendant should be charged only with aggravated incest. Here, based on our holdings in *Williams* and *Sims*, the district court did not lose jurisdiction, and where, as here, the petitioner is charged and

convicted of rape of his daughter rather than aggravated incest, the proper remedy is to vacate the sentence imposed for rape and resentence the petitioner for aggravated incest." 255 Kan. at 12-19.

LaBona pled guilty to indecent liberties with his daughter, and a jury convicted Carmichael of the rape of his daughter. This difference distinguishes the present case from *Carmichael*. Our decision in *Carmichael* is not determinative of this appeal.

Since granting this petition for review, this court also decided *State v. Reed*, 254 Kan. 52, 865 P.2d 191 (1993). Reed failed to report when she became ineligible and continued to receive assistance from the ADC and Food Stamp programs. She was charged with theft by deception and making a false writing, pled guilty to felony theft, and was granted probation. Ten months later her probation was revoked. Reed appealed to the Court of Appeals. There she argued for the first time that her conviction should be vacated because the district court lacked jurisdiction to accept her plea because she had been erroneously charged with theft by deception instead of welfare fraud. She relied on *State v. Wilcox*, 245 Kan. 76, 775 P.2d 177 (1989), and *Williams*.

The Court of Appeals concluded that Reed was improperly charged with theft by deception and that the district court therefore had no jurisdiction to accept Reed's guilty plea. The Court of Appeals vacated her conviction. The State's petition for review was granted.

This court reversed the judgment of the Court of Appeals and affirmed the judgment of the district court. The court stated:

"Reed, as did the defendant in *Sims*, confuses a challenge to the sufficiency of the complaint with a claim that the court did not have jurisdiction to sentence her because she had improperly pled guilty to theft, a general crime which she had not committed, rather than to welfare fraud, the crime she actually committed." 254 Kan. at 57.

Then, "[b]ecause *Wilcox*, *Williams*, and *Sims* dealt with sufficiency of the evidence for the crime charged and not with whether the district court had jurisdiction to accept Reed's plea to theft by deception," 254 Kan. at 59, the court shifted its attention to *State v. Gibbens*, 253 Kan. 384, 855 P.2d 937 (1993).

Gibbens pled nolo contendere to two counts of rape. On appeal he argued, based on *Williams*, that the district court lacked ju-

risdiction to accept his plea because the victims were his step-daughters. The court stated:

"We express no opinion on this issue as we conclude the issue is not properly before us for the following reasons:

"1. The notice of appeal filed herein specifies that appeal is taken only from the sentences imposed.

"2. The aggravated incest argument was never raised before the trial court; no motion to withdraw the pleas or arrest judgment was made; and no appeal was taken from any matter relating to the convictions themselves.

"3. No authority is cited for the proposition that the aggravated incest-rape argument is a jurisdictional matter. The information on its face contains all allegations necessary for the conviction of the defendant on both counts of rape." 253 Kan. at 387-88.

Hence, *Gibbens* did not decide Reed's question.

This court concluded that the Court of Appeals erred in vacating Reed's plea to theft by deception. We stated:

"Reed was represented by counsel. She understood the nature of the charges, the effect of the guilty plea, and the sentence that could be imposed. The fact that the evidence does not support the charge to which the defendant pled guilty does not require that the plea be later vacated." 254 Kan. at 59.

The judgment of the Court of Appeals was reversed, and the judgment of the district court was affirmed.

*Gibbens* was a direct appeal challenging the sentence as being excessive. The issue of the court's jurisdiction to accept Gibbens' plea was raised for the first time on appeal and not considered. *Reed* also was a direct appeal in which defendant challenged the court's lack of jurisdiction for the first time on appeal. Here, as in *Carmichael*, the petitioner is challenging the State's failure to charge him with the specific offense which he claims ultimately resulted in the imposition of an illegal sentence. Pursuant to 60-1507 and K.S.A. 22-3504, the court has jurisdiction to correct an illegal sentence at any time.

However, as in *Reed*, the petitioner was represented by counsel. He understood the nature of the charges, the effect of his guilty pleas, and the possible sentence. By entering a plea of guilty, he waived the right to challenge the failure of the State to charge the specific offense of aggravated incest and acquiesced in the convictions for indecent liberties with a child. Thus, the district

court was not required to vacate his pleas of guilty, and the sentence imposed was not erroneous. The petitioner cannot now complain that the sentence must be vacated.

The judgment of the Court of Appeals reversing the convictions on the two counts of indecent liberties with a child is reversed. The district court's order denying the petitioner's 60-1507 motion is affirmed.