NOT DESIGNATED FOR PUBLICATION

No. 128,547

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS W. SALMIERI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MICHAEL LLAMAS, judge. Submitted without oral argument. Opinion filed May 29, 2026. Appeal dismissed.

*Sean P. Randall*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BOLTON FLEMING, P.J., ISHERWOOD and COBLE, JJ.

ISHERWOOD, J.: Nicholas W. Salmieri pleaded guilty to aggravated battery and two counts of violating a protective order and was sentenced accordingly. On appeal he challenges the sentence imposed for his aggravated battery conviction as illegal. He contends that under K.S.A. 21-5109(d) he should have been sentenced to the more specific crime of aggravated domestic battery. Salmieri was sentenced for the crime to which he entered a valid guilty plea and received a presumptive term. Accordingly, we are without jurisdiction to consider his claim.

1

## Factual and Procedural Background

A violent attack that Salmieri launched against his domestic partner initially prompted the State to charge him with aggravated domestic battery. The facts of that exceptionally brutal assault are impertinent to the issue we are tasked with resolving. The State later amended its complaint to charge Salmieri with aggravated battery under the theory that he knowingly caused great bodily harm or disfigurement to his victim in violation of K.S.A. 21-5413(b)(1)(A), a severity level 4 person felony.

Salmieri ultimately agreed to plead guilty to aggravated battery and two counts of violating a protective order in exchange for the State's dismissal of charges against him in a different case. The terms of the agreement required Salmieri to acknowledge that his offenses constituted domestic violence pursuant to K.S.A. 21-5111, and that the restitution order would amount to approximately $19,579.99. Salmieri did reserve the right to challenge the workability of that amount at sentencing. The State noted its intention to recommend the high number in the appropriate grid box for the aggravated battery conviction and 12 months in jail for each of the protective order violations with all counts to be served consecutively. Salmieri remained free to argue for any lawful sentence.

Prior to sentencing, counsel for Salmieri filed a motion for dispositional departure and argued that substantial and compelling reasons existed for the district court to depart from the presumed prison sentence in this case and grant Salmieri the opportunity for probation. The district court was not persuaded and sentenced Salmieri to serve the standard prison term of 45 months concurrent with the jail terms imposed for the protective order violations. Salmieri was also ordered to pay $18,125.59 in restitution.

Salmieri now brings his case to this court seeking an assessment of the legality of his sentence.

*We do not have jurisdiction to analyze Salmieri's claim that his presumptive sentence is illegal.*

Whether this court may exercise jurisdiction over an appeal is a question of law, subject to unlimited appellate review. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021). Kansas appellate courts generally only have jurisdiction to entertain an appeal if the appeal is taken in the manner prescribed by statutes. 313 Kan. at 561.

Salmieri argues that the underlying facts of his case could support a conviction for aggravated domestic battery. As support, he directs our attention to the language from K.S.A. 21-5109(d), indicating that a defendant cannot be convicted of two crimes based on the same conduct and must be sentenced according to the terms of the more specific crime. In this case, his argument goes, the more specific crime would be aggravated domestic battery and, as such, he should have been sentenced for that offense. Given that the district court imposed the presumptive sentence for Salmieri's crime of conviction, this court lacks jurisdiction to review the claim he has raised on appeal.

For any felony committed on or after July 1, 1993, there is no appellate review of a sentence within the presumptive sentence range for the crime, or any sentence resulting from an agreement between the prosecution and the defendant that the court approves on the record, even if the sentence is to the longest term in the presumptive grid box for the conviction. *State v. LaBelle*, 290 Kan. 529, 539, 231 P.3d 1065 (2010); see K.S.A. 21-6820(c). If a defendant is sentenced within the range of the appropriate border box, a sentence of imprisonment or probation is the presumptive sentence and is not subject to appellate review. *State v. Whitlock*, 36 Kan. App. 2d 556, 559, 142 P.3d 334 (2006).

A presumptive sentence is "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the

offender's current crime of conviction and the offender's criminal history." K.S.A. 21-6803(q). If the district court incorrectly determines the severity level of the crime, then it is not referring to the correct grid block and the defendant is not receiving the correct presumptive sentence, giving appellate courts jurisdiction over the appeal. See *State v. Thomas*, 283 Kan. 796, 805-06, 156 P.3d 1261 (2007). Similarly, if the sentence imposed is from the wrong grid block because the criminal history score is incorrect, then the defendant is not receiving the correct presumptive sentence, and this court has jurisdiction over the appeal. *State v. Spriggs*, No. 127,832, 2025 WL 3731016, at *3 (Kan. App. 2025) (unpublished opinion) (citing *State v. Lamia-Beck*, 318 Kan. 884, 887-88, 549 P.3d 1103 [2024]).

But the situation before us does not fall within the scope of either of the aforementioned scenarios. Rather, Salmieri pleaded guilty to aggravated battery, a severity level 4 person felony and was determined to have a criminal history score of H. The standard prison term imposed by the district court was pulled from where that severity level and criminal history classification intersect. Thus, it imposed the standard presumptive prison sentence, from the appropriate grid box, for the crime to which Salmieri pleaded. This court lacks jurisdiction to review his sentence. See *LaBona v. State*, 255 Kan. 66, 69-70, 872 P.2d 271, 273-74 (1994) (entering a plea waived the right to challenge the State's failure to charge LaBona with the more specific offense, ultimately resulting in an illegal sentence).

Appeal dismissed.