(894 P.2d 221)

No. 71,334

RONALD A. BAKER, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed April 7, 1995.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Scott Showalter*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., ELLIOTT, J., and DAVID W. KENNEDY, District Judge, assigned.

LEWIS, J.: Appellant was convicted in 1988 of two separate charges of indecent liberties with a child. He appeals from the denial of his motion pursuant to K.S.A. 60-1507.

In case No. 87CR68, appellant was charged with two counts of indecent liberties with a child. Neither the information nor the journal entry show appellant's relationship to the victim or the exact age of the victim. In the diagnostic report, the victim is identified as appellant's stepchild. In this matter, appellant filed an application for a court-appointed attorney. The application is in the court file, is signed by appellant under oath, and shows that the victim was the stepdaughter of appellant and was eight years old on March 27, 1987, the date the application was signed. Appellant pled guilty to one count of indecent liberties with a child in this case, and the other count was dismissed. He was sentenced to a term of 3 to 10 years and placed on probation.

In case No. 88CR126, appellant was again charged with indecent liberties with a child. The victim, according to the presentence investigation report, was 11 years old and was not related to appellant. Appellant pled guilty to this charge and was sentenced to a term of 5 to 20 years, which was ordered to run consecutive to the sentence handed down in 87CR68. Appellant's probation in 87CR68 was revoked, and he was ordered to serve the original sentence of 3 to 10 years.

Appellant filed a motion pursuant to K.S.A. 60-1507, claiming that his convictions were illegal and that the Department of Corrections had improperly classified his convictions. The trial court denied relief, and this appeal followed.

## INDECENT LIBERTIES/AGGRAVATED INCEST

Appellant first argues that under *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), he could only have been charged with and convicted of the crime of aggravated incest. However, appellant pled guilty to the charge of indecent liberties with a child. In *LaBona v. State*, 255 Kan. 66, 69, 872 P.2d 271 (1994), our Supreme Court held:

"By entering a plea of guilty, he waived the right to challenge the failure of the State to charge the specific offense of aggravated incest and acquiesced in the convictions for indecent liberties with a child. Thus, the district court was not required to vacate his pleas of guilty, and the sentence imposed was not erroneous. The petitioner cannot now complain that the sentence must be vacated."

It would appear that appellant's argument is controlled by *LaBona* and is without merit.

Appellant, however, argues that *LaBona* is not controlling. He contends that his plea of guilty to the charge of indecent liberties was not voluntary since he was not informed that the State could not charge him with indecent liberties with a child. Since he was not properly informed, he argues, his plea of guilty was involuntary and should be set aside. This argument conveniently ignores the fact that *State v. Williams* was not decided until 1992. In 1988, charging appellant with indecent liberties with a child in a case involving a stepchild was proper and conformed to existing legal standards. This practice was not condemned until *Williams* was decided in 1992.

Appellant relies on *Morrow v. State*, 219 Kan. 442, 548 P.2d 727 (1976), to support his claim. In *Morrow*, the defendant was charged with aggravated robbery, aggravated battery, aggravated assault, and theft. Morrow, acting on the advice of counsel, pled guilty to aggravated robbery in exchange for the State's dismissal of the other charges. He appealed when he learned that the dismissed charges were lesser included offenses of the aggravated robbery charge. The fact is, in *Morrow*, the State had dismissed charges that it could not charge in the first place. Our Supreme Court decided in *Morrow* that the voluntariness of his plea was questionable because of his counsel's failure to recognize the clear legal defect presented by the State's bargaining with lesser included offenses.

In *Morrow*, the court said: "It is improper for the prosecutor to induce a guilty plea by misrepresentations of the law or by unfulfilled promises." 219 Kan. at 445 (citing *Brady v. United States*, 397 U.S. 742, 755, 25 L. Ed. 2d 747, 90 S. Ct. 1463 [1970]). The court indicated that defense counsel is required to advise his client as to the permissible sentences and possible choices available under law. The court held that a failure to fulfill those obligations resulted in a question as to the voluntariness of defendant's plea.

*Morrow* is distinguishable from the instant matter. In *Morrow*, the charges brought against the defendant were clearly multipli-

citous under applicable legal decisions. The State misrepresented the law by using lesser included offenses to negotiate a plea agreement. Defense counsel failed to advise Morrow of the evident legal defects in the State's charging document. In that case, Morrow's attorney failed to insure that he enter a knowing and voluntary plea of guilty.

In this case, the State's decision to charge appellant with indecent liberties with a child conformed to existing legal standards. See *State v. Hutchcraft*, 242 Kan. 55, 744 P.2d 849 (1987), *overruled on other grounds State v. Fike*, 243 Kan. 365, 757 P.2d 724 (1988). The indecent liberties charge in the instant matter was an appropriate and accepted charge under existing legal standards. The charges in *Morrow* were not. .

In this case, appellant entered into a plea agreement based upon charges that were consistent with the applicable law at the time. We hold that he cannot successfully challenge the voluntariness of his pleas based solely upon the fact that the State and defense counsel failed to apprise him of legal standards that would not be announced for another four years.

Appellant's argument is controlled by *LaBona* and is without merit.

We also see no basis for a claim of ineffective assistance of counsel. In this case, appellant entered into a plea agreement in 1987 or 1988. At that time, case law indicated that it was permissible to charge a defendant with either indecent liberties or aggravated incest, even when the defendant was related to the victim in the degree set out in K.S.A. 21-3603. See *State v. Hutchcraft*, 242 Kan. 55, *overruled in part State v. Williams*, 250 Kan. 730. *Williams* was not decided until 1992. Realistically, appellant's counsel could not have known or have reason to know that in 1988, the State could only properly charge him with aggravated incest for molesting his stepdaughter. Under those circumstances, we see no basis for a conclusion that the counsel's performance fell below the objective standard of reasonableness. See *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985).

We find appellant's argument to be without merit, and we hold as follows: (1) Appellant pled guilty to the charge of indecent

liberties with a child and, under *LaBona*, waived any right to challenge his convictions based on the decision in *Williams*. (2) Prior to the decision in *Williams*, a charge of indecent liberties with a child in a case of this nature conformed to existing legal standards and was consistent with applicable law. (3) The failure of the State or of defendant's legal counsel to advise appellant of a legal standard that did not exist at that time and would not exist until sometime in the future did not render his plea of guilty involuntary. (4) Appellant has no basis for a claim of ineffective assistance of counsel based upon the failure of his attorney to foresee a change in the law that would not occur until sometime in the future.

## SEVERITY LEVEL OF CLASSIFICATION

Appellant next argues that the trial court erred in determining that his crime was a severity level 3 crime for retroactivity purposes. Appellant entered a plea of guilty to a charge of indecent liberties with a child in violation of K.S.A. 21-3503. The information in case No. 87CR68 to which appellant entered his plea of guilty alleged the charge in the following language:

"That on or about a period of time from January 1, 1986 through November 11, 1986, the said Ronald Baker, . . . then and there being, did then and there contrary to the statutes of the State of Kansas unlawfully, feloniously and willfully engage in lewd touching of the person of [C.B.], a child under the age of sixteen (16) years, who is not married to said Ronald Baker and with the intent to arouse the sexual desires of said Ronald Baker."

The information in 88CR126 reads precisely the same except the date is alleged to have been August 1, 1988, and the victim is alleged to be [J.F.], a child under the age of 16 years.

At the time of the offense, K.S.A. 21-3503 read in relevant part:

"(1) Indecent liberties with a child is engaging in any of the following acts with a child who is not married to the offender and who is under 16 years of age:

. . . .

"(b) any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both."

At the time appellant committed the crimes, aggravated indecent liberties, a class B felony, was defined as commission of

any of the acts listed in K.S.A. 21-3503 by any guardian, proprietor, or employee of any public or private institution to whose custody a child had been entrusted under color of law. See K.S.A. 21-3504.

In 1993, many of the sex crimes in this state were recodified and reclassified. The net result is that at the time appellant sought conversion to a guidelines sentence, the crime of indecent liberties with a child was defined by K.S.A. 1993 Supp. 21-3503 as follows:

"(a) Indecent liberties with a child is engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age:

"(1) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both;

. . . .

"(c) Indecent liberties with a child is a severity level 5, person felony."

At the time appellant sought conversion to a guidelines sentence, aggravated indecent liberties was defined by K.S.A. 1993 Supp. 21-3504 as follows:

"(a) Aggravated indecent liberties with a child is:

. . . .

"(2) engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age and who does not consent thereto:

"(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or satisfy the sexual desires of either the child or the offender, or both; or

. . . .

"(3) *engaging in any of the following acts with a child who is under 14 years of age:*

"(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both." (Emphasis added.)

At the time appellant sought conversion, the crime of indecent liberties with a child was a severity level 5 crime, whereas aggravated indecent liberties with a child was a severity level 3 crime. If defendant's crime is classified as a severity level 5 crime, he is entitled to conversion; if it is classified as a severity level 3 crime, he is not.

The victims of appellant's crimes were both under 14 years of age. At the time of the commission of these crimes, engaging in the prohibited acts with children under 14 years of age was defined as indecent liberties with a child. However, had appellant committed this crime on or after July 1, 1993, he would have been guilty of aggravated indecent liberties with a child due to the age of the victim.

The question is whether appellant's eligibility for conversion to a guidelines sentence is to be determined by the name of the crime for which he was convicted or whether eligibility is to be determined by considering what crime appellant's conduct would have constituted if it had been committed on or after July 1, 1993.

This issue is decided by our recent decision in *State v. Colston*, 20 Kan. App. 2d 107, 883 P.2d 1231 (1994). In *Colston*, the State was making the same argument as is made by the State in this case, and we held: "We agree with the State's argument and conclude that the legislative intent of K.S.A. 1993 Supp. 21-4724(c)(1) is to look to the criminal acts committed prior to July 1, 1993, for which the defendant was convicted and then determine what crime those acts would constitute after July 1, 1993, and the appropriate severity level." 20 Kan. App. 2d at 112.

In this case, appellant's victims were both under 14 years of age. The criminal acts of defendant would constitute the crime of aggravated indecent liberties if committed on or after July 1, 1993. Aggravated indecent liberties is a severity level 3 crime, and defendant is ineligible for conversion.

Based upon the *Colston* decision, the trial court did not err in determining that, for conversion purposes, defendant's crime was a severity level 3 crime.

Appellant next argues that allowing the DOC or the sentencing court to reclassify his conviction as aggravated indecent liberties with a child violates the constitutional prohibition against ex post facto laws.

We considered that issue in the *Colston* decision and held that the ex post facto provision of the United States Constitution was not violated under the circumstances shown. We adopt the *Colston* decision as controlling in the instant matter and conclude

that, based on that decision, appellant's ex post facto argument is without merit.

The final question is what information can be considered by the trial court in classifying the convictions for conversion.

In *Colston,* the court was not required to look any further than the facts pled in the information in order to determine that appellant's conduct, if committed on or after July 1, 1993, would have constituted aggravated criminal sodomy.

In the instant matter, the information alleges only that appellant engaged in unlawful acts with a child under the age of 16 years. The exact age of the victim is not stated in either the information or the journal entry of conviction. Since the classification of appellant's conduct as constituting aggravated indecent liberties depends on the child being less than 14 years of age, it could not be determined from the information or the journal entry that appellant's conduct would have been aggravated indecent liberties if committed on or after July 1, 1993.

The question, then, is whether the trial court may look to information not contained in the pleadings or journal entry in determining what crime appellant's conduct would have constituted on or after July 1, 1993. We conclude and hold that under the circumstances shown, the trial court did not err in using information available to it at the time of sentencing.

We have examined the record in this case and we find that in case No. 87CR68, the fact that the victim was less than 14 years of age was readily ascertainable. On March 27, 1987, appellant signed and filed an "application for appointed defense services." In that application, which appellant personally signed under oath, he listed the victim C.B. as one of his dependents. He stated that C.B. was eight years of age and was his stepdaughter. This information was available to the trial court from the very inception of the action and clearly shows C.B. to have been under 14 years of age at the time of the crime.

In case No. 88CR126, the presentence investigation report, which was available to the trial court at the time of sentencing, states the victim's age to have been 11 years of age.

There is ample information in the court file in both cases to determine the age of the victim. Further, our review of the record indicates that appellant has neither denied nor contested the fact that the victims of his crimes were under 14 years of age. Indeed, in the record of the hearing on the 60-1507 motion, counsel for the State asserts in open court, "When you look back to this case, you will find that the ages of the children that were molested by Mr. Baker were four and six years old." This comment was not disputed by appellant's attorney, and the issue of the age of the victims was never raised. The question of the victims' ages in this case was never an issue and was never disputed, and the evidence is uncontradicted that in both cases the victims were less than 14 years of age.

Appellant argues that he did not plead to facts that alleged the victim was under 14 years of age. While we agree with this statement, we believe it to be irrelevant. Appellant pled guilty to a charge that his victims were under 16 years of age. The trial court's decision was not inconsistent with the information. To find that a victim is under 14 years of age is simply not inconsistent with an allegation that the victim was under 16 years of age.

We hold that for the purposes of determining the severity level of a conviction entered prior to July 1, 1993, the trial court may use any information in the court file which was available to the court at the time of sentencing without regard to whether the information was set forth or pleaded in the information where: (1) the defendant does not dispute the accuracy of the information relied upon; or (2) the defendant does not raise an issue concerning the fact which is determined from such information.

We realize that our decision may be contrary to decisions of other panels of this court. We leave the question of which version is correct to our Supreme Court.

We hold that the trial court did not err in determining that appellant's severity level was a severity level 3 for conversion purposes.

Affirmed.