(903 P.2d 1345)

No. 71,846

STATE OF KANSAS, *Appellee*, v. PATRICK W. CHRONISTER, *Appellant*.

 Opinion filed October 13, 1995. 

*Edward G. Collister, Jr.,* special appellate defender, and *Steven R. Zinn,* deputy appellate defender, for appellant.

*David Lowden,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before BRAZIL, C.J., ELLIOTT, J., and DEAN J. SMITH, District Judge Retired, assigned.

BRAZIL, J.: Patrick W. Chronister appeals the sentence imposed following his nolo contendere plea to aggravated incest and sexual exploitation of a child. Chronister contends the court lacked authority to run the sentence consecutive to a sentence imposed in a prior conviction and that the sentence is unduly harsh. Chronister also contends the court erred in computing his sentence under the Kansas Sentencing Guidelines Act (KSGA). We affirm.

Chronister adopted E.C. when she was two or three years old. When E.C. was approximately five years old, Chronister began videotaping and photographing E.C. while she was nude. This conduct continued off and on for approximately 10 years. Sometime within a 30-day period, while taking pictures of E.C. in the nude at their home, Chronister touched her breasts with his hands and lips and touched her vagina with his fingers. Following this incident, E.C. informed authorities of Chronister's actions, and a police search of Chronister's residence, pursuant to a search warrant, produced numerous photographs and videotapes of E.C. in the nude.

Chronister was charged with aggravated incest in violation of K.S.A. 21-3603(2)(b), a class D felony, and sexual exploitation of a child in violation of K.S.A. 21-3516, a class D felony. At the time of the complaint, E.C. was 15 years old. Chronister pled nolo contendere to the charges as listed in the complaint.

Prior to the charges in the current case in Sedgwick County, Chronister had been charged in Harvey County Case No. 93 CR 5960 for sexual exploitation of a child. The charge in 93 CR 5960

was based upon Chronister's taking nude photographs of E.C. under a bridge in Harvey County. Chronister pled no contest to the charge in 93 CR 5960 and was later sentenced to 2 to 10 years' imprisonment.

About a week later, Chronister was sentenced in the case at bar and received two consecutive 3- to 10-year imprisonment terms. The court also ordered the sentences to run consecutive to the sentence rendered in 93 CR 5960. In addition, the court computed Chronister's guidelines sentence pursuant to K.S.A. 1994 Supp. 21-4724(f). The court found that, under the amendments to the criminal code, the aggravated incest conviction would constitute aggravated indecent liberties with a child, a severity level 4 offense pursuant to K.S.A. 1994 Supp. 21-3504, and that the sexual exploitation of a child conviction would constitute a severity level 5 offense pursuant to K.S.A. 1994 Supp. 21-3516. The court further found that Chronister's criminal history classification was D, which agrees with the finding in the presentence investigation report. The court computed the consecutive sentences as 66 months for the aggravated incest conviction and 32 months for the sexual exploitation of a child conviction.

Chronister filed a motion to modify, which the court later denied. Chronister filed a timely pro se notice of appeal and an untimely amended notice of appeal.

Chronister contends the court erred by imposing an excessive indeterminate sentence.

First, Chronister argues the court lacked authority to order his sentences for aggravated incest and sexual exploitation of a child in the case at bar to run consecutive to his prior conviction in Harvey County Case No. 93 CR 5960. The chronology of events is as follows:

| | |
|---|---|
| 3/1/93 to 3/30/93 | Defendant committed aggravated incest in case at bar |
| 3/28/93 | Committed sexual exploitation of a child in 93 CR 5960 (Harvey County). |
| 4/8/93 | Committed sexual exploitation of a child in case at bar. |

| | |
|---|---|
| 4/19/93 | Charged in 93 CR 5960. |
| 4/27/93 | Charged in case at bar. |
| 6/9/93 | Pled nolo contendere in 93 CR 5960. |
| 8/23/93 | Pled nolo contendere in case at bar. |
| 9/29/93 | Sentenced in 93 CR 5960. |
| 10/6/93 | Sentenced in case at bar. |

Whether K.S.A. 1994 Supp. 21-4608 authorized the trial court to impose the current sentences consecutive to the sexual exploitation of a child sentence rendered in Harvey County requires statutory interpretation, which is a question of law whereby this court's standard of review is unlimited. See *Foulk v. Colonial Terrace,* 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995). "When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused." *State v. Magness,* 240 Kan. 719, 721, 732 P.2d 747 (1987). However, "[t]he rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and the true intent of the legislature." *State v. Schlein,* 253 Kan. 205, 215, 854 P.2d 296 (1993).

The circumstances of sentencing in the present case are not specifically addressed by the various sentencing scenarios set forth in K.S.A. 1994 Supp. 21-4608. Subsection (a) concerns sentences imposed on the same day; subsections (b) and (c) concern sentences for crimes occurring while the defendant is on some form of misdemeanor or felony release; subsection (d) concerns sentences for crimes occurring while on release for a felony pursuant to chapter 22, article 28 of the Kansas Statutes Annotated; and subsection (e)(1) concerns sentences for crimes occurring while incarcerated for a felony. In contrast, here the crimes were committed concurrent with the crime in Harvey County and prior to the filing of criminal charges in either Harvey or Sedgwick County.

Chronister seems to argue that, because the present sentencing scenario is not specifically addressed in K.S.A. 1994 Supp. 21-4608, the trial judge was required to impose the sentences concurrently. The State does not address this issue in its brief.

Although it does not specifically address the present facts, K.S.A. 1994 Supp. 21-4608(h) provides:

"When a defendant is sentenced in a state court and is also under sentence from a federal court or other state court or is subject to sentence in a federal court or other state court for an offense committed prior to the defendant's sentence in a Kansas state court, the court may direct that custody of the defendant may be relinquished to federal or other state authorities and that such state sentences as are imposed may run concurrently with any federal or other state sentence imposed."

K.S.A. 1994 Supp. 21-4608(h) (formerly K.S.A. 21-4608[8] and K.S.A. 21-4608[5] [Ensley]) is a general statute governing the various situations when a person convicted of a crime in Kansas is "under sentence" or "subject to sentence" in another state or federal court. See *State v. Aleman*, 16 Kan. App. 2d 784, 788-90, 830 P.2d 64, *rev. denied* 251 Kan. 940 (1992). K.S.A. 1994 Supp. 21-4608(h) allows the court to use its discretion in determining whether sentences should be served consecutive to or concurrent with sentences ordered in other jurisdictions. *Aleman*, 16 Kan. App. 2d at 787. Under K.S.A. 1994 Supp. 21-4608(h), the trial court could have imposed a consecutive sentence had Chronister's prior conviction occurred in another state or federal court rather than in the court of another Kansas county. If Chronister had committed the Harvey County crime in Sedgwick County with the other crimes, the court could have run all three sentences consecutively under K.S.A. 1994 Supp. 21-4608(a). "[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results." *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992). It would be illogical to provide the sentencing benefit Chronister asserts merely because he committed the third crime against E.C. in Harvey County rather than in Sedgwick County or in another state or federal jurisdiction.

Prior to 1982, the imposition of concurrent or consecutive sentences in all criminal cases was placed within the sound discretion of the trial court. See *State v. Reed*, 237 Kan. 685, 687, 703 P.2d 756 (1985). The 1982 amendment to K.S.A. 21-4608, requiring mandatory consecutive sentences in certain criminal cases, was enacted in response to public concern for felonies committed while

a defendant was on release for a prior felony. 237 Kan. at 687. Given the impetus behind the 1982 amendment, it is doubtful that the legislature also intended to strip courts of the power to impose consecutive sentences in cases such as the present one. We find that the trial court had the authority to impose the current sentences consecutive to the sentence imposed in Harvey County Case No. 93 CR 5960.

Next, Chronister argues that the court abused its discretion in imposing his indeterminate sentences for aggravated incest and sexual exploitation of a child.

"It is the sentencing judge alone who determines the appropriate sentence or other disposition of the case. The sentencing judge determines the sentence by exercising his or her best judgment, common sense, and judicial discretion after considering the sentencing factors set forth in K.S.A. 21-4606(2), all the reports, the defendant's background, the facts of the case, and the public safety. K.S.A. 21-4601 states the objectives of the corrections system but does not require the sentencing court to specifically consider those objectives as it must the factors in K.S.A. 21-4606. *State v. Webb*, 242 Kan. 519, 530, 748 P.2d 875 (1988). See *State v. Richard*, 252 Kan. 872, 850 P.2d 844 (1993). A sentence imposed within the statutory guidelines will not be disturbed on appeal if it is within the trial court's discretion and not a result of partiality, prejudice, oppression, or corrupt motive. *State v. Turner*, 252 Kan. 666, Syl. ¶ 1, 847 P.2d 1286 (1993). When a reviewing court determines that no reasonable person would agree with the trial court's decision, then an abuse of discretion will be found. *State v. Griffin*, 246 Kan. 320, 326, 787 P.2d 701 (1990)." *State v. McCloud*, 257 Kan. 1, 8-9, 891 P.2d 324 (1995).

Chronister does not argue that the court failed to follow the proper sentencing procedures but that the sentence imposed is "unduly harsh." The sentence imposed, however, is within the statutory guidelines for the crimes committed, and Chronister has failed to show the sentence was the result of partiality, prejudice, oppression, or corrupt motive. Chronister's contention that the court erred in imposing sentence is rejected.

Next, Chronister contends the court erred in computing his sentence under the KSGA. Chronister argues that the court assigned the wrong severity level to his aggravated incest conviction, that his sexual exploitation of a child conviction in Harvey County did not constitute a prior conviction under the KSGA, and that the guidelines sentence computed by the court amounts to an ex post

facto violation. Interpretation of the KSGA is a question of law whereby this court's scope of review is unlimited. See *State v. Williams*, 18 Kan. App. 2d 424, 425, 856 P.2d 158 (1993).

First, Chronister contends the court assigned the wrong severity level to his aggravated incest conviction.

This court stated in *State v. Colston*, 20 Kan. App. 2d 107, Syl. ¶ 7, 883 P.2d 1231 (1994):

"Where an individual pleads nolo contendere, the sentencing judge, when determining whether the individual is eligible for conversion of an indeterminate sentence to a guidelines sentence, may look to the well-pleaded facts in the charging document and to the journal entries to determine what crime the individual would be guilty of had the act occurred on or after July 1, 1993."

See also *State v. Fierro*, 257 Kan. 639, 651, 895 P.2d 186 (1995) (approving *Colston* in case arising under K.S.A. 1994 Supp. 21-4724[f]).

The charging document giving rise to Chronister's aggravated incest plea charged Chronister with the lewd fondling or touching of E.C. with the intent to arouse or satisfy the sexual desires of Chronister or E.C. The charging document also provides that E.C. was 15 years old at the time of the offense. The court found that such conduct, if committed after July 1, 1993, would meet the definition of aggravated indecent liberties with a child under K.S.A. 1994 Supp. 21-3504(a)(2), which provides in pertinent part:

"(a) Aggravated indecent liberties with a child is:
. . . .
(2) engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age and who does not consent thereto:
(A) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or satisfy the sexual desires of the child or the offender, or both."

Aggravated indecent liberties under K.S.A. 1994 Supp. 21-3504(a)(2)(A) is a severity level 4, person felony.

The acts to which Chronister pled nolo contendere would fall squarely under K.S.A. 1994 Supp. 21-3504(a)(2)(A) if they had been committed on or after July 1, 1993. The court did not err in computing Chronister's aggravated incest conviction as a severity level 4 offense under the guidelines.

Next, Chronister argues that his sexual exploitation of a child conviction in Harvey County did not constitute criminal history under the KSGA.

The KSGA defines "criminal history" as convictions "possessed by an offender at the time such offender is sentenced." K.S.A. 1994 Supp. 21-4703(c). At the time of sentencing in the current case, Chronister had already been convicted of sexual exploitation of a child in Harvey County Case No. 93 CR 5960. Thus, Chronister "possessed" a prior person felony conviction at the time of sentencing. The court did not err in considering the Harvey County conviction as a prior conviction for criminal history purposes.

Finally, Chronister argues that allowing the sentencing court to reclassify his conviction as aggravated indecent liberties with a child violates the constitutional prohibition against ex post facto laws. This court considered this issue in *Colston* and held that no ex post facto violation occurred in a conversion under similar circumstances. 20 Kan App. 2d at 114. Following *Colston*, Chronister's ex post facto argument is without merit.

Affirmed.