(951 P.2d 1302)

Nos. 76,420
76,421

STATE OF KANSAS, *Appellee*, v. LEWIS JONES, JR., *Appellant*.

Opinion filed January 9, 1998.

*Roger L. Falk*, of the Law Office of Roger L. Falk, P.A., of Wichita, for appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., LEWIS and PIERRON, JJ.

RULON, J.: Defendant Lewis Jones, Jr., appeals the district court's denial of his motion for sentence conversion and resentencing. We affirm.

A detailed discussion of the underlying facts is not required here because the issues raised are not fact driven.

## RETROACTIVITY OF KSGA

The defendant argues the retroactivity provision of the Kansas Sentencing Guidelines Act (KSGA) at K.S.A. 21-4724 violates various provisions of the United States Constitution. Whether K.S.A. 21-4724 violates the constitutional rights of the defendant is a question of statutory interpretation. A trial court's interpretation of a statute is a question of law, and this court's scope of review is unlimited. *State v. Colston*, 20 Kan. App. 2d 107, 110, 883 P.2d 1231 (1994).

## EX POST FACTO

The defendant's sentencing guidelines report scores defendant's crime severity level as a 3 on the nondrug grid for purposes of conversion eligibility. Persons serving sentences for severity level 3 crimes on the nondrug grid are ineligible for conversion. The KSGA is partially retroactive, but its provisions can never lengthen a defendant's sentence or enhance punishment. As such, the KSGA is not an ex post facto law in violation of the United States Constitution. See *Colston*, 20 Kan. App. 2d at 113-14.

The defendant's claim is meritless. Anyone convicted of kidnapping is ineligible for sentence conversion under K.S.A. 21-4724(b) due to the severity level of the crime. More importantly, the fact that some defendants are eligible for conversion does not disadvantage the defendant in this case, who can only be disadvantaged if *his* sentence is increased. While some defendants are eligible for sentence conversion and this defendant is not, this fact never increases the defendant's punishment. See *Colston*, 20 Kan. App. 2d 107, Syl. ¶ 5. As such, the retroactivity provision of K.S.A. 21-4724 does not violate the Ex Post Facto Clause.

## DUE PROCESS AND EQUAL PROTECTION

The defendant further argues the retroactivity provision of the KSGA violates the Due Process and Equal Protection Clauses of the United States Constitution. He claims the actions which led to his convictions on robbery and kidnapping charges were less violent than other offenders convicted of crimes with a severity level 3 and higher. Specifically, defendant notes the jury found him guilty of

the lesser included offense of robbery, which means his criminal activity was not committed with a weapon or by inflicting bodily harm on the victim. Defendant makes no mitigation argument concerning the facts of his kidnapping conviction, but argues there is no rational basis for the legislature to deem his convictions ineligible for conversion.

This argument has been raised numerous times and rejected. The limited retroactivity provision of the KSGA does not violate due process or equal protection principles. *Chiles v. State*, 254 Kan. 888, 901-03, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994). It is a fundamental principle that "[t]his court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from that precedent. [Citation omitted.]" *State v. Jones*, 19 Kan. App. 2d 913, 915, 878 P.2d 845, *rev. denied* 255 Kan. 1005 (1994). Because the defendant's arguments are clearly rejected by precedent, his due process and equal protection claims must fail.

## SEPARATION OF POWERS

The defendant argues that K.S.A. 21-4724(c), which requires the Kansas Department of Corrections (KDOC) to determine whether an inmate is eligible for retroactive sentence conversion, is an unconstitutional delegation of judicial power to an administrative agency. Specifically, defendant argues K.S.A. 21-4724(c) "empowers the KDOC to act as the Judiciary in determining what crime was committed, how severe the crime was based on limited guidelines, and what an individuals [sic] criminal history consists of." In short, it is the defendant's position that K.S.A. 21-4724(c) violates the separation of powers doctrine.

In a separation of powers analysis, the challenged "statute is presumed constitutional, and all doubts must be resolved in favor of its validity." *State v. Ponce*, 258 Kan. 708, 709, 907 P.2d 876 (1995). Article 2, § 1 of the Kansas Constitution states that " '[t]he legislative power of this state shall be vested in a house of representatives and senate.' " 258 Kan. at 711. The Kansas Constitution creates three distinct and separate branches: the executive, the legislative, and the judicial. 258 Kan. at 711. The legislature has

the sole power to define offenses and affix punishment, while the function of the courts is to determine whether an offense has been committed and to impose punishment. The essential meaning of the separation of powers doctrine "is that the whole power of one [branch] should not be exercised by the same hands which possess the whole power of either of the other [branches]." 258 Kan. at 711. The principle of separation of powers is not enumerated specifically in the Kansas or United States Constitutions, but is implied from the structure of federal and state government. *State v. Greenlee*, 228 Kan. 712, 715, 620 P.2d 1132 (1980).

Our Supreme Court has held the legislature may delegate its authority to an administrative agency when the authority is defined and unambiguous. The extent of this authority can be specifically defined by statute or generally inferred from the purpose of enabling legislation. See *Kaufman v. Kansas Dept. of SRS*, 248 Kan. 951, 956-57, 811 P.2d 876 (1991). Moreover, authority delegated to administrative agencies need not be rigidly defined. Kansas courts allow the legislature to issue "[l]ess detailed standards and guidance to administrative agencies" in order to allow the same agencies to administer the law in areas of complex social and economic problems. 248 Kan. 957 (citing *Vakas v. Kansas Bd. of Healing Arts*, 248 Kan. 589, Syl. ¶¶ 7, 8, 808 P.2d 1355 [1991]).

K.S.A. 21-4724(c) establishes the function of KDOC with reference to sentence conversions. The statute states KDOC shall prepare a sentencing guidelines report for all persons who committed crimes prior to July 1, 1993, and are imprisoned as of that date. K.S.A. 21-4724(c)(1). The law restricts KDOC from preparing reports on inmates who have committed crimes that would convert to a severity level 1 to 4 on the nondrug grid. Under this statute, KDOC does not have the authority to impose a sentence; this has already been accomplished by the district court. KDOC simply conducts a conversion calculation and notifies the inmate of the calculation. The inmate may file an objection to the report within 30 days to the district court in which the original action was heard. If no objection is filed within 30 days, KDOC computes the new sentence which then becomes controlling. K.S.A. 21-4724(d)(1).

The defendant argues separation of powers principles are violated by K.S.A. 21-4724(c)(1) when KDOC converts crimes committed prior to July 1, 1993, to the sentencing guidelines in effect after that date. Specifically, defendant states, "Only a trier of fact should make the determination of whether a crime would be charged under a different statute under the laws after 1993."

Because K.S.A. 21-4724 properly delegates an administrative function to KDOC, the defendant's arguments are without merit. The retroactivity provision of the KSGA gives KDOC the power to conduct conversion calculations and, in cases of less serious crimes, the power to substitute the converted sentence for the older indeterminate sentence. This power, however, is checked by two factors. First, the original sentence, from which the conversion sentence is derived, is imposed by the district court; thus, the judicial branch is responsible for findings of fact and conclusions of law in the original conviction. The district court is further responsible for determining and imposing the original sentence. Second, K.S.A. 21-4724(d)(1) allows the inmate to challenge a KDOC conversion calculation within 30 days of its issue. The starting point for KDOC, therefore, is always with the original sentence and conviction from the district court. Judicial functions are safeguarded by the statute through the judicial review provisions. The statute, therefore, does not delegate essential functions of the judiciary to the executive branch, nor does it fail to circumscribe the limited power it does delegate.

Similar results have been reached in similar cases. Our Supreme Court has held K.S.A. 1989 Supp. 21-4603(3)(a), which stated a district court shall modify a sentence when recommended by the State Reception and Diagnostic Center (SRDC), does not violate separation of powers. *State v. Reed*, 248 Kan. 792, 799-801, 811 P.2d 1163 (1991). The court reasoned the legislature had properly defined the scope of SRDC power and the agency's efforts were properly focused on reducing the troubling number of people in prisons. 248 Kan. at 800. Moreover, the Eighth Circuit has held the federal sentencing guidelines do not violate the separation of powers principles. *U.S. v. White*, 890 F.2d 1012, 1013 (8th Cir. 1989).

Here, KDOC determined the defendant was ineligible for conversion because he was classified a 3-F on the nondrug grid of the sentencing guidelines. Defendant had been convicted of kidnapping, which was a class B felony when the crime was committed in 1983. K.S.A. 21-3420 (Ensley 1981). In 1993, the legislature amended the kidnapping statute by changing the felony classification to severity level 3 under the sentencing guidelines. See K.S.A. 21-3420. In this way, contrary to the defendant's assertion, KDOC was not required to determine, as a matter of law, whether kidnapping under the pre-guidelines statutes was the same under post-guidelines statutes because the elements of kidnapping were not changed. However, even if the statutory elements of kidnapping had changed, K.S.A. 21-4724(c) is still constitutional because all original sentences are pronounced by district courts and the KDOC decision is reviewable on motion from the inmate.

In the final analysis, K.S.A. 21-4724(c) gives KDOC a highly technical duty that serves the ends not only of judicial economy but reduction of prison overcrowding, public safety, and equitable sentencing as well. *State v. Favela,* 259 Kan. 215, 233-34, 911 P.2d 792 (1996). In this way, the legislature has created a function for an administrative agency, properly constrained by statute, that serves to "facilitate the administration of laws in areas of complex social and economic problems." *Vakas,* 248 Kan. 589, Syl. ¶ 8. The statutory scheme set forth in K.S.A. 21-4724 does not violate separation of powers principles.

## DENIAL OF COUNSEL AND A HEARING

The defendant claims the district court erred when it denied his pro se motion for sentence conversion and appointment of counsel. On appeal, defendant claims K.S.A. 21-4724(d)(1) and (4) require a hearing and appointment of counsel for a defendant challenging a sentencing guidelines report issued by KDOC. Because the defendant filed his claim 22 months after KDOC issued its sentencing guidelines report, defendant's pro se motion is properly considered a K.S.A. 60-1507 motion. See *State v. Randall,* 257 Kan. 482, 894 P.2d 196 (1995).

As stated above, the district court's summary dismissal of the equal protection, due process, and ex post facto claims was proper. The question is whether the defendant was entitled to a hearing and counsel on the separation of powers argument which, at the time of the motion, was still undecided.

A defendant is entitled to a hearing on a K.S.A. 60-1507 motion unless there is no evidence he or she is entitled to relief. Supreme Court Rule 183(f) (1997 Kan. Ct. R. Annot. 189). Similarly, a defendant is entitled to appointment of counsel on a K.S.A. 60-1507 motion unless no substantial questions of law or triable issues of fact are presented. Supreme Court Rule 183(i). At the time of the defendant's conversion motion, Kansas courts had clearly stated that equal protection, due process, and ex post facto law challenges to the Kansas sentencing guidelines were invalid. *Chiles*, 254 Kan. at 901-03; see *Colston*, 20 Kan. App. 2d 107, Syl. ¶ 5. Kansas courts, however, had not ruled on whether K.S.A. 21-4724 violated separation of powers principles. Because this is a substantive question of law, there is a strong argument the defendant should have been afforded a hearing on this issue. We, however, are not required to remand the case. See *Randall*, 257 Kan. at 486.

In *Randall*, the district court dismissed a pro se motion for sentence conversion on jurisdictional grounds on the basis that no sentencing guidelines report had been issued. The defendant appealed the ruling and further raised substantive questions of law challenging the constitutionality of K.S.A. 21-4724. Our Supreme Court ruled the district court did have jurisdiction. 257 Kan. at 484. The court, however, refused to remand the case and stated: "[W]here the district court dismissed for lack of jurisdiction and where the inmate's substantive contention raises purely a question of law, a remand is unnecessary." 257 Kan. at 486.

Here, the district court did not dismiss for lack of jurisdiction, though the court did note in its order that no sentencing guidelines report had been issued in the case when one, in fact, had. The court did summarily dismiss on the basis of the defendant's constitutional arguments and the severity level 3 classification. The court did not address the separation of powers argument, though both parties briefed the issue on appeal. Because the defendant's

only undecided argument on appeal raises a pure question of law, this court will address the merits of the separation of powers claim and not remand the case to the district court for a rehearing or appointment of counsel. To do so would clearly waste judicial resources because the defendant now has both a forum to make his argument and counsel to represent him.

There is no reversible error here.

## ALLOCUTION

Finally, the defendant claims he was denied allocution in the sentencing phase of his 1983 convictions for kidnapping and robbery. As such, defendant claims his case should be remanded for resentencing. The standard of review for denial of allocution is harmless error. *State v. Bafford*, 255 Kan. 888, 889-90, 879 P.2d 613 (1994); see also *State v. Webb*, 242 Kan. 519, 525, 748 P.2d 875 (1988) (discussing same standard of review in other jurisdictions).

Here, the defendant was sentenced to 45 years to life for robbery and kidnapping convictions in 1983. At the sentencing phase of the 1983 case, the district court failed to follow K.S.A. 22-3424(4) (Ensley 1981), which stated: "Before imposing sentence the court shall . . . address the defendant personally and ask him if he wishes to make a statement on his own behalf and to present any evidence in mitigation of punishment." The sentencing court asked the defendant and his counsel if either knew of any reason why sentence should not be imposed. Both responded in the negative. The court never asked for a statement by the defendant on his own behalf or for any evidence in mitigation of punishment.

Eventually, the defendant filed a motion for sentence modification which set forth multiple reasons why modification was proper. However, the modification motion does not allege the district court denied the defendant allocution at sentencing. Later, the defendant filed another motion requesting resentencing due to the earlier denial of allocution.

K.S.A. 22-3424(4) (Ensley 1981) "is an unambiguous statute that 'requires the court to address the defendant personally and ask if the defendant wishes to make a statement and present evidence in

mitigation of punishment.' " *Bafford,* 255 Kan. at 890 (quoting *State v. Heide,* 249 Kan. 723, 730, 822 P.2d 59 [1991]). In *State v. Spencer,* 252 Kan. 186, 189, 843 P.2d 236 (1992), the court held that "[a] general opportunity to comment is not the same as the 22-3424(4) requirement of personally asking if a defendant wishes to make a statement on his or her own behalf and present evidence in mitigation of punishment." Failure to afford allocution has resulted in a remand for resentencing in a case where the only question put to the defendant by the trial judge was whether there was any legal reason why sentencing should not proceed. The case was remanded because the court did not explicitly ask the defendant whether he wished to present evidence in mitigation. *Bafford,* 255 Kan. at 891.

Kansas courts have held that failure to raise the allocution issue in a subsequent sentence modification motion waives the allocution claim in later appeals. *Webb,* 242 Kan. at 529. The *Webb* waiver rule, however, has been limited only to cases where a hearing has been held on the sentence modification motion. *Spencer,* 252 Kan. at 191.

Here, the sentencing court inquired of defendant if there was any legal reason why sentence should not be imposed. The defendant stated there was not. The court did not ask defendant if he wished to make a statement on his own behalf or offer evidence in mitigation. The sentencing court, therefore, failed to abide by K.S.A. 22-3424(4) (Ensley 1981). The defendant, however, filed a motion to modify his sentence in which he alleged multiple reasons for modification, but did not raise the allocution claim. The journal entry of judgment on that motion states a hearing was held where the defendant was represented by counsel. Failure to raise allocution in that motion waived defendant's ability to claim denial of allocution in a later appeal under the rule stated in *Webb* and *Spencer.* The defendant's motion for resentencing was properly denied by the district court.

Affirmed.