NOT DESIGNATED FOR PUBLICATION

No. 113,727

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

J.D. BELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed June 17, 2016. Affirmed.

*Steven D. Alexander*, of Kansas City, for appellant.

*Edmond Brancart*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: J.D. Bell appeals the district court's denial of his fifth motion to correct illegal sentence. As he has done several times before, Bell contends that the sentencing court erred by aggregating three out-of-state person misdemeanor convictions into one person felony. We find, however, that this issue was previously resolved against Bell, so the law of the case doctrine bars his contention. Bell also contends that the district court's application of the Kansas Sentencing Guideline Act (KSGA) violates the Ex Post Facto Clause of the United States Constitution. But the Kansas Supreme Court previously resolved such claim adverse to Bell's position. Finding no error, we affirm.

1

This appeal arises out of the fifth motion to correct illegal sentence filed by Bell challenging his criminal history score at the time he was sentenced. It appears that Bell initially filed a pro se motion to correct illegal sentence on November 30, 2004. However, Bell voluntarily dismissed the motion before the district court issued a ruling.

In an appeal from the denial of his third motion to correct illegal sentence, this court summarized the history of Bell's case as follows:

"Bell pled guilty to one count of second-degree murder on July 11, 2003. The presentence investigation report assigned Bell a criminal history score of D. According to the report, Bell's criminal history included 19 misdemeanor convictions. Three of the misdemeanors were municipal assault convictions from Kansas City, Missouri. Those three convictions were grouped in the report to equal the effect of one person felony conviction. Bell objected to this criminal history score and filed a motion to withdraw his guilty plea. At the hearing on his motion to withdraw his plea, Bell's lawyer withdrew the objection to Bell's criminal history score and the court denied Bell's motion to withdraw his guilty plea.

"Bell appealed the denial of his motion to withdraw his guilty plea and this court upheld Bell's conviction in *State v. Bell*, No. 91,767, unpublished opinion filed March 18, 2005. In ruling on Bell's complaints, the court noted not only that Bell had misinformed his lawyer, Charles Ball, about his criminal history, but Bell had also pled guilty against Ball's advice. The court found that Bell was aware of the possible maximum sentence and that Ball had no conflict of interest. Finally, the court noted, 'inaccurately predicting the actual penalty does not constitute ineffective assistance of counsel.' Slip op. at 3.

"Then in February 2006, Bell filed a motion to correct an illegal sentence, arguing his three Missouri assault convictions could not be converted to a felony because they were more than 3 years old at the time of his conviction for second-degree murder. At the hearing, the district court held that in Missouri, unlike Kansas, assault is classified as either a Class A or B offense, both felonies, or a Class C offense, a misdemeanor. All

three classes are considered person crimes. The State equated the elements of Missouri's assault law to the elements of battery in Kansas. The district court concluded Bell's sentence was legal and the assault convictions were 'person misdemeanors and the three of them as an aggregate form the basis for a person felony classification.' Bell appealed this ruling in September 2006.

"Once again this court affirmed Bell's sentence in *State v. Bell*, No. 97,986, unpublished opinion filed June 13, 2008. The panel found that when Bell's claim that his Missouri convictions could not be aggregated to form a felony because they were more than 3 years old was rejected by the district court, he tried to advance a new theory on appeal—that one of his Missouri misdemeanor convictions was equivalent to a Class C misdemeanor in Kansas and, thus, not subject to aggregation. Slip op. at 4-5. The court declined to address this new issue, but noted:

"'The State has included some arguments in its brief that indicate that it could have demonstrated that the Missouri conviction at issue was more akin to an attempted domestic battery, which would be at least a Class B misdemeanor under Kansas law, than to a mere attempted battery, a Class C misdemeanor under Kansas law. The State did not have the opportunity to present evidence in support of that argument since the issue was not raised in the district court.' [Citation omitted.]

"Not giving up, Bell filed another motion to correct an illegal sentence in January 2009, alleging two of the three Missouri convictions were based on pleas entered without the assistance of counsel and, thus, could not be used in a criminal history score. Bell also again raised the claim that because Missouri classified his municipal convictions as Class C misdemeanors, they must be so classified in Kansas and, therefore, could not be aggregated to form a person felony. Finally, Bell alleged that all of his attorneys had rendered ineffective assistance of counsel because they were unfamiliar with the law regarding the classification of the Missouri convictions.

"The district court succinctly denied Bell's motion, stating the motion was 'hereby summarily denied as having no legal merit in fact or law.' The court made no

3

further factual findings or conclusions of law." *State v. Bell*, No. 102,457, 2010 WL 3063168, *1-2 (Kan. App.) (unpublished opinion), *rev. denied* 291 Kan. 913 (2010).

This court ultimately found that the attorneys representing Bell at the time of his plea and sentence did not provide inadequate assistance of counsel for several reasons. In doing so, the panel determined that there was "nothing any attorney could have done to convince the court to assign a criminal history score other than D *because that is the correct score*." (Emphasis added.) 2010 WL 3063168, at *4.

On July 22, 2011, Bell filed another motion to correct illegal sentence through counsel, in which he again argued that the district court erred by aggregating his Missouri convictions. More specifically, he argued that one of the Missouri convictions was comparable to only attempted battery in Kansas, which is a class C misdemeanor. As such, he argued that his criminal history score should have been H instead of D. After issuing a show-cause order, this court summarily affirmed the district court's denial of his motion to correct illegal sentence, reasoning that Bell should have raised the issue in his prior motions to correct illegal sentence.

Bell filed the motion to correct illegal sentence that is the focus of this appeal on May 30, 2014. In the motion, which was filed pro se, Bell argued pursuant to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), that his Missouri convictions should not have been aggregated. Approximately 5 months later, Bell's attorney filed a supplement to the pro se motion.

The State filed a response to the supplemental motion on December 2, 2014, arguing that *Murdock* was not intended to apply retroactively in a collateral attack. The State also argued that Bell had previously raised the same issues and they had been

4

decided adversely to him. Accordingly, the State concluded that the relief requested was barred by the law of the case doctrine and res judicata.

Shortly before the district court conducted a hearing on the motion, H.B. 2053—which superseded *Murdock*—became effective on April 2, 2015. During a hearing held about a week later, Bell's counsel asked that the district court not retroactively apply H.B. 2053 to his client. He did not argue that the three prior Missouri misdemeanor convictions were not comparable to battery in Kansas, nor did he argue that applying the amendments constituted a violation of the Ex Post Facto Clause. Ultimately, the district court applied H.B. 2053 retroactively to Bell's sentence.

On April 21, 2015, the district court filed a journal entry memorializing its decision, and Bell timely appealed. During the pendency of this appeal, our Supreme Court specifically overruled *Murdock* in *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

ANALYSIS

Bell raises two issues on appeal. First, he attempts to challenge his criminal history score for at least the sixth time. Although his arguments in this appeal are not the same as the ones he made before the district court, this court has already concluded that his criminal history score was correct. Second, he argues for the first time on appeal that including pre-KSGA convictions in his criminal history score violates the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution. We find neither argument to have merit.

On appeal, Bell has abandoned his *Murdock* claim and reverted to his old argument that the prior Missouri misdemeanor convictions should not have been included in his criminal history score. As the State points out, the law of the case doctrine—and

5

perhaps res judicata—preclude the presentation of this issue again. The law of the case doctrine generally prevents relitigation of the same issues within successive stages of the same suit. *Venters v. Sellers*, 293 Kan. 87, 99, 261 P.3d 538 (2011). Although the two doctrines are not identical, they both serve similar goals. The purpose of the law of the case doctrine is "to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts." *State v. Collier,* 263 Kan. 629, Syl. ¶ 2, 952 P.2d 1326 (1998); see *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015) ("The doctrine of res judicata . . . demands that a party not be vexed with litigation twice on the same cause."). Here, the motion to correct illegal sentence that is the subject of this appeal was filed in the same criminal case in which this court previously addressed the validity of Bell's criminal history score.

As indicated above this court has previously determined that Bell's criminal history score was correct. Specifically, it was determined that Bell's attorney was not ineffective because "[f]rankly, there is nothing any attorney could have done to convince the court to assign a criminal history score other than D *because that is the correct score*." (Emphasis added.) 2010 WL 3063168, at *4. Because the Kansas Supreme Court denied Bell's petition for review, a mandate was issued on October 20, 2010. Furthermore, Bell raised this issue in his second motion to correct illegal sentence. After the district court denied the motion on the merits, Bell abandoned the claim on appeal. After this court affirmed, the Kansas Supreme Court denied review, and a mandate was issued on November 5, 2008.

A motion to correct illegal sentence "may not be used as a vehicle to breathe new life into appellate issues previously abandoned or adversely determined." *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000). Stated another way, Bell cannot continuously raise the same argument after receiving adverse determinations. See *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008). Therefore, we conclude that Bell's

6

challenge to the classification of his three Missouri misdemeanor convictions as a person felony for the purposes of determining his criminal history score is barred by the law of the case doctrine. See *State v. Yohn*, No. 104,832, 2011 WL 3658392, at *2 (Kan. App. 2011) (unpublished opinion), *rev. denied* 293 Kan. 1114 (2012) (finding that defendant could not use a motion to correct illegal sentence to raise an issue that was adversely determined in his initial appeal).

Next, Bell claims for the first time on appeal that the "application of Bell's two (2) prior 1993 pre-KSGA out-of-state misdemeanor violations at sentencing violates the constitutional ex post facto provisions of the U.S. Constitution." Constitutional grounds for reversal asserted for the first time on appeal are not properly before an appellate court. *State v. Bowen*, 299 Kan. 339, 354, 323 P.3d 853 (2014). Moreover, Bell fails to abide by Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) by explaining why the issue is properly before the court. Our Supreme Court has recently emphasized that "Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril." *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015); see *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

Notwithstanding, even if we were to consider Bell's claim, we find it difficult to discern whether Bell is arguing that applying H.B. 2053 to his sentence is a violation of the Ex Post Facto Clause or whether applying the KSGA, as a whole, to his pre-KSGA convictions violates the Ex Post Facto Clause. To the extent that Bell is arguing that application of the amendments is a violation of the Ex Post Facto Clause, our Supreme Court recognized in *Keel* that "classifying a prior conviction or juvenile adjudication based on the classification in effect for the comparable offense when the current crime was committed complies with the Ex Post Facto Clause of the United States Constitution." 302 Kan. at 589 (citing *Nichols v. United States*, 511 U.S. 738, 747, 114 S. Ct. 1921, 128 L. Ed. 2d 745 [1994]). Accordingly, we find Bell's concerns over

7

retroactively applying the classification rule in H.B. 2053 are not valid in light of *Keel*. See 302 Kan. at 590-91.

To the extent that Bell argues that the KSGA—as a whole—violates the Ex Post Facto Clause by scoring crimes that occurred prior to its effective date, the Kansas Supreme Court long ago resolved the issue. See *State v. LaMunyon*, 259 Kan. 54, 67, 911 P.2d 151 (1996); *State v. Jones*, 24 Kan. App. 2d 669, 670, 951 P.2d 1302 (1998). In *LaMunyon*, our Supreme Court explained that "the KSGA does not operate retrospectively to punish the activity which occurred prior to the effective date of the KSGA and therefore does not violate the prohibition against ex post facto laws." 259 Kan. at 67. Therefore, we conclude that Bell's claim of a violation of the Ex Post Facto Clause is without merit.

Affirmed.